John Doe, *ex. dem.*, Lewis A. Foster, plaintiff in error, vs. Richard Roe, *casual ejector*, and George W. Jones, tennant in possession, defendant in error.

[1.] If one be appointed by the Court, guardian *ad litem*, of a lunatic, and accepts the trust, a judgment against the lunatic will be good, notwithstanding the guardian fails to Act.

[2.] A judgment against a lunatic is not void, but voidable; and a purchaser at Sheriff's sale, under such judgment, would be protected.

Ejectment, in Talbot. Tried before Judge Worrill, March Term, 1857.

This was an action of ejectment brought by John Doe, *ex. dem.*, Lewis A. Foster, against George W. Jones, tenant in possession, for the recovery of five acres of land, situated in the village of Talbotton.

The defendant pleaded the general issue, and the statute of limitations.

Plaintiff showed title in his lessor, proved the possession of defendant, and closed.

Foster vs. Jones.

Defendant offered in evidence the exemplification of the record, in a case of attachment, issued by Cyrus Robinson against Mary White; from which it appeared that Robinson had recovered judgment in said case, issued his fi. fa., and levied upon the land in dispute, which was sold under said fi. fa., on the first Tuesday in December, 1850, and bought by the defendant, who introduced his deed to said land, from the Sheriff. It further appeared by said exemplification, that, pending said attachment, it being made to appear to the Court that said Mary had been declared a lunatic, in due and legal form, Marion Bethune was appointed her guardian, *ad litem*, to manage and conduct her defence in said case.

Plaintiff, in reply, introduced the record from the Inferior Court of said county, showing that said Mary White was declared a lunatic by the judgment of said Court, on the 19th October, 1849.

The judgment recovered, in the attachment case against her, was at September Term, 1850. The fi. fa. thereon, issued 21st October, 1850, and the land sold the first Tuesday in December thereafter.

Plaintiff requested the Court to charge the jury:

1st. That a judgment obtained against a lunatic, one judicially declared such, is void.

2d. That a judgment obtained against a lunatic, for whom a guardian, *ad litem*, has been appointed, is void, if said guardian did not act.

Which charges the Court refused to give. The jury found for the defendant, and plaintiff excepted.

HAMILTON & PLANE, represented by E. G. DAWSON, for plaintiff in error.

BETHUNE, represented by B. HILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

It is in proof, that Bethune was duly appointed guardian, *ad litem*, of the defendant in attachment; and that he *accepted* the trust. The judgment was, consequently, regular, whether he acted or not. Whether he has made himself responsible to his ward, for failing to act, is not for us to determine.

But concede that the trust was never accepted, still, a judgment against a lunatic is not necessarily void. And a sale under it, by the Sheriff, would be good, and the purchaser protected. Whether the lunatic could follow the proceeds, provided there was no guardian, and she was insane when the judgment was rendered, we will express no opinion.

Judgment affirmed.