EPHRIAM L. BRASWELL, plaintiff in error, *vs*. JAMES W. PLUMMER, defendant in error.

A *bona fide* purchaser of land, in possession thereof for four years, without notice of any judgment or levy thereon, holds the land discharged from the lien of any judgment against the person from whom he purchased the

Braswell *vs.* Plummer.

same, though the land had been levied on before his purchase, no steps having been taken by the judgment creditor to enforce the levy until after four years' possession by the purchaser.

Levy and sale. Statute of limitations. Judgments. Vendor and purchaser. Before Judge RICE. Gwinnett Superior Court. September Adjourned Term, 1875.

Reported in the opinion.

WINN & SIMMONS, for plaintiff in error.

F. F. JUHAN, by JACKSON & LUMPKIN, for defendant.

JACKSON, Judge.

Braswell held an execution against Ford, and levied it upon Ford's land, but did not advertise for sale, or press the levy. Ford sold the land to Plummer, who held it more than four years without notice of the judgment or levy. After the four years possession by Plummer, Braswell pressed his old levy and advertised the land for sale. Plummer claimed it, contending that it was discharged from the lien of the judgment under section 3583 of the Code. The court below held that the land was discharged from the lien of the judgment, and that the title was in the claimant; and this is the ruling complained of and the sole error assigned. We think the court held the law right, and we affirm the judgment. An inactive levy lying dormant and without notice to an innocent purchaser is evidence of grosser negligence and greater wrong to the purchaser than no levy at all. The words of the statute (Code, section 3583) cover the case as well as the reason and spirit of the acts of 1822 and 1852; and the case of *Ruker vs. Womack*, 55 *Georgia Reports*, 399, controls it.

Judgment affirmed.