BURNETT *vs.* SMITH, governor.

No issuable defense on oath having been made to a suit against the principal and sureties on the bond of a sheriff, it was the duty of the court, under the constitution of 1868, to enter up judgment for the damages from breach of the contract without a jury, and an affidavit of illegality made on the ground that such judgment is illegal, was properly dismissed on demurrer thereto.

Practice in the Superior Court. Judgments. Bonds. Sheriffs. Before Judge CRAWFORD. Quitman Superior Court. November Term, 1877.

Reported in the opinion.

J. H. GUERRY, for plaintiff in error.

B. S. WORRILL, for defendant.

JACKSON, Judge.

This was a demurrer to an affidavit of illegality, which was sustained by the court, and the affidavit dismissed. The error assigned is the judgment dismissing this affidavit.

The affidavit made the point that the judgment on which the *fi. fa.* was issued was illegal, because the court had entered it up without the verdict of the jury—there being no issuable defense filed on oath—and that the suit being upon a sheriff's bond, the damages must be assessed by a jury.

This case is covered by the *Piedmont and Arlington Life Ins. Co. vs. Lester*, 55 *Ga.*, 475. The sheriff's bond was a contract, there was no defense on oath, the presumption is that the judge heard testimony as to the amount of damage, and awarded the right sum.

Judgment affirmed.