GROOVER, STUBBS & Co. *vs.* INMAN, administratrix, *et al.*, administrators.

1. There being no issuable defense filed on oath to an action on contract, a judgment in the following form : "I award to the plaintiff the sum of  *  *  *  and costs of suit. Wm. Gibson, judge," was valid. The form prescribed for judgments by the court is directory only.

2. Such judgment is not invalidated by the fact that plaintiff's counsel entered up another judgment on it as on the verdict of a jury.

3. The act of 1874 requiring the record of a judgment against a joint promissor in the county of his residence, did not affect the relative liens of a judgment and mortgage, both of which bore date before its passage.

4. That the name of one of the defendants to an execution had been changed by an erasure or otherwise, became immaterial when the judgment on which the *fi. fa.* was based was introduced in evidence.

5. Where no motion for a new trial is made, and a decree is attacked because contrary to law and evidence, the exception should specify wherein it is contrary to law.

Judgments. Practice in the Superior Court. Liens. Laws. Evidence. Practice in the Supreme Court. Before Judge HANSELL. Lowndes Superior Court. May Term, 1877.

The following, taken in connection with the decision, sufficiently reports this case:

Groover, Stubbs & Co. objected to the execution offered in evidence by Mary Inman, administratrix, *et al.*, administrators, because said execution appeared on its face to have been issued against Daniel I. Inman and Malcom D. Jones, and the name of Daniel I. Inman appeared to have been changed wherever it occurred in said execution, to Daniel I. Jones, said alteration being in a different ink from the other writing in said execution, and not being in the handwriting of the clerk who wrote and signed said execution; because said execution did not appear to be an execution against Daniel I. Jones; and because said execution did not appear to have been issued under a valid judgment; all of of which objections were overruled.

A. T. McINTYRE; H. G. TURNER, for plaintiffs in error.

N. J. HAMMOND; J. R. ALEXANDER; A. H. SMITH, for defendants.

WARNER, Chief Justice.

This case came before the court below upon the question

as to whether Groover, Stubbs & Co., or whether the admin-
istrators of Jeremiah Inman, deceased, were entitled to the
money arising from the sale of the property of Daniel I.
Jones, deceased, (which had been sold by consent) on a bill
filed to marshal the assets of Jones' estate.  The question
was submitted to the court for decision, without the inter-
vention of a jury.  After hearing the evidence, the court
decreed that the administrators of J. Inman had a valid judg-
ment against Daniel I. Jones, deceased, and ordered the
money to be paid to that judgment, to the exclusion of the
claim of Groover, Stubbs & Co., to which decision and
judgment Groover, Stubbs & Co. excepted.  Groover,
Stubbs & Co. claimed the money under an equitable
mortgage executed to them by Daniel I. Jones in his life-
time.  The administrators of J. Inman claimed the money
on a judgment obtained in Burke superior court against
Daniel I. Jones, in November 1868, which was of older date
than Groover, Stubbs & Co.'s mortgage.  The administra-
tors of Inman read in evidence an exemplification of the
record of the suit, judgment, and execution, from Burke
superior court over the objections of Groover, Stubbs &
Co., from which it appears that suit was instituted in that
county by Jeremiah Inman in his lifetime against Daniel I.
Jones, of the county of Lowndes, and M. D. Jones of the
said county of Burke, on a joint and several promissory
note made by them for the sum of $4,145.00.  There does
not appear in the record to have been any issuable defense
filed on oath to said suit.  The presiding judge of the court
awarded as follows:  "I award to the plaintiff the sum of
forty-one hundred and forty-five dollars principal debt, and
interest thereon from the fourth day of March, A. D.
eighteen hundred and fifty-nine, and costs of suit.

(Signed)                    WM. GIBSON, Judge."

Whereupon the plaintiff's attorney entered up a judg-
ment in favor of the plaintiff against the defendants for
the sum awarded by the judge, in the same form and manner
as was usual in entering up a judgment on the verdict of a

jury, which judgment was dated 19th of November, 1868.

1. 2. The objections to the decree insisted on here were, that no legal judgment had been rendered in Burke superior court against Daniel I. Jones which would entitle it to claim the money in dispute, and because it had not been recorded in the county of Lowndes as required by the act of 1874. The most that can be said against the judgment is that it was irregular in view of the 38th rule of the court, but not void. The judgment, however, was rendered prior to the adoption of the rule prescribing the form of a judgment to be rendered in cases where no issuable defense was filed on oath, as in obedience to the constitution of 1868. This form is merely directory, and it would not follow that because a judgment was awarded by the court in a different form, that it would be void. The superior court of Burke county was a court of general jurisdiction, and William Gibson was a judge thereof, of which fact the other courts in the state are bound to take judicial notice, and when the record shows that as such judge he awarded to the plaintiff the sum of money specified therein, (there being no issuable defense to the suit filed on oath), the legal effect of it was a judgment for that amount in favor of the plaintiff against the defendants in that suit, and because the plaintiff's attorney entered up a judgment on the record upon that judgment of the court, as upon the verdict of a jury out of abundant caution, did not make the judgment any the worse on that account. The objection to the judgment is more a matter of form than of substance.

3. The judgment having been awarded by the court before the passage of the act of 1874, and Groover, Stubbs & Co.'s mortgage bearing date prior thereto, the rights of the parties were not affected by it.

4. Inasmuch as the judgment which created the lien on the fund was in evidence before the court, the alleged alteration of the name in the *fi. fa.*, became immaterial.

5. The third exception to the decree is, that it is contrary to law and the evidence, but does not state wherein

it is contrary to law or evidence. This is not a motion for a new trial on the ground that the decree is contrary to law and evidence, but the case is brought here on a bill of exceptions alone, and it was incumbent on the plaintiffs in error to have distinctly specified in their bill of exceptions the particular points of law which the decree violated, in order to obtain a reversal thereof in this court. See rule eighth of the supreme court.

Let the judgment of the court below be affirmed.