## TORRENT *vs.* SULTER.

1. The city court of Savannah may establish a copy of a lost *fi. fa.* issuing therefrom upon proceedings similar to those had in the superior court for a like purpose.

2. No time for service of a proceeding to establish a lost *fi. fa.* is prescribed; no service at all being specifically provided for by the Code.

(*a.*) The service in this case having been one day before the hearing, the court having stated that if the respondent was not prepared he would grant further time, and no time having been asked for, a motion to dismiss for want of sufficient service was properly overruled.

3. Where suit was brought prior to the constitution of 1877 on an open account, a judgment by default entered by the court in the following terms was sufficient: "Judgment of plaintiff* *vs.* defendants for $167.05, with interest from July 1st, 1871, and costs of suit," signed by the judge. While not strictly regular, such a judgment was not invalid.

Jurisdiction.   Executions.   Judgments.   Presump-
tions.   Before Judge HARDEN.   City Court of Savannah.
February Term, 1881.

Reported in the decision.

GARRARD & MELDRIM, for plaintiff in error.

R. R. RICHARDS, for defendant.

SPEER, Justice.

Henry Sulter filed his petition in the city court of Sa-
vannah against Torrent to establish a copy of a *fieri facias*
annexed to said petition, in lieu of an original which he
alleged had been lost, and which had issued from a judg-
ment formerly rendered and then existing unsatisfied in
said court, in his favor against said Torrent.

Upon filing said petition, a rule *nisi* was granted by the
court for the defendant below to show cause at a certain
time and place why said copy *fi. fa.* should not be estab-
lished as prayed for.   The petition was served on the day
before the time fixed for a hearing.   On the return of the
petition, at the time and place of hearing, Torrent moved
to dismiss the proceedings upon the following grounds:

1st. Want of service.

2d. Want of verification.

3d. Because the proceedings do not warrant the grant-
ing of the order sought.

Movant thereupon amended his petition by his attorney
making affidavit of the facts contained therein; where-
upon the court overruled defendant's motion to dismiss,
and ruled further, "that the burden was upon the defend-
ant to show good cause why the order prayed for should
not be granted."   The defendant then filed the following
defense:

There was no legal judgment upon which the *fi. fa.*
could be founded; for, by inspecting the record, it ap-
peared that the suit was brought upon an open account;

that the return by the sheriff of service on the defendant was "by leaving the same at his residence." The form of the judgment was in the following words:

" Judgment of plaintiff *vs.* defendant for one hundred and sixty-seven dollars and five cents, with interest from July 1st, 1871, and cost of suit. [Signed ] W. S. CHISOLM, *Judge.*"

And, at the same term, plaintiff's attorney entered a judgment on said award, in the usual form prescribed for entering judgments.

On argument had, the judge overruled the various objections and granted the rule absolute establishing the copy *fi. fa.* in lieu of the lost original. Whereupon defendant below excepted to the rulings of the court, and assigned as error:

(1). In the court not dismissing the movant's petition.

(2). In overruling defendant's objection and granting the rule absolute.

1. The objection offered to the petition was, first, as to the *jurisdiction* of the city court of Savannah, and its want of authority to establish a copy of the lost *fi. fa.* under §3988 of the Code.

Section 3988 of the Code confers authority upon the *superior courts* of this state to establish, by proper proceedings, a copy of a *fi. fa.* when the original is lost. The judge of the court may establish a copy of such a paper, or an *alias*, as it is called in the Code, either in term time or vacation, upon proper application and affidavit of the applicant or *other satisfactory proof.* 56 *Ga.*, 594, 58 *Ga.*, 556.

The code of the city court of Savannah declares: "The mode of conducting *proceedings* in said court and carrying to trials suits therein shall be the same as in the superior courts, except as may be otherwise herein provided." Code, §4923. In a suit to establish a lost *fi. fa.* (such as the present is) the proceedings in the city court are thus made identical with those had in the superior court.

2. No time is prescribed as to service on the defendant of such a proceeding to establish the copy of a lost ex-

ecution; and the statute does not provide for service at all. In this case the defendant had one day's notice, and he was informed by the court that if he was not ready further time would be granted. No further time was asked for, and there was no error in the court overruling defendant's motion to dismiss the petition for the causes set forth.

3. It was further objected that the judgment on which said *fi. fa.* issued was void, not being in conformity with the rule of court providing for "awarding judgments by the court where no issuable defense is filed under oath."

The most that can be said against this judgment is that it is irregular, as not being in conformity with the rule of court. But this city court had jurisdiction of the person and subject matter, and the judgment rendered in this case clearly manifests that the judge awarded to the plaintiff against the defendant so much for his principal debt, with interest and costs, and the objection is more a matter of form than of substance. In the case of *Groover, Stubbs & Co. vs. Inman, administratrix*, 60 *Ga.*, 406, where the presiding judge signed the following form of a judgment, it was held to be valid: "I award to the plaintiff the sum of . . . . . . . . and costs of suit." The form of the judgment being held to be *directory* only.

4. As to the judgment being rendered without evidence, it being upon an open account, and without personal service, the presumption of law is that the court had sufficient proof before him before he rendered the judgment, and there is no rule of law which requires the judgments of a court of record to express upon their face that they are rendered after due proof. 13 *Ga.*, 7; 60 *Ib.*, 315; 56 *Ib.*, 594. The defendant, though served, made default. The suit was one founded on contract, and no issuable defense was filed on oath; hence the court had the right to render judgment without the intervention of a jury. Code, §§5091, 4924; 60 *Ga.*, 314; 63 *Ib.*, 72; 61 *Ib.*, 293.

We think, therefore, there was no error in the judge, upon the proofs submitted, in granting an order estab-

lishing the copy *fi. fa.* in lieu of the lost original. 3 *Kelly,* 121; 57 *Ga.,* 249–251; 58 *Ib.,* 555; 63 *Ib.,* 702.
   Judgment affirmed.