### WARD, administrator, *v.* MILLER, administrator, *et al.*

1. A judgment obtained against an insane person is not void; and where an execution based on such judgment is levied on land belonging to such defendant in fi. fa., and the land sold at sheriff's sale, a purchaser at such sale would be protected.
2. An execution should follow the judgment; but although an execution may misstate the date of the judgment, if the execution so describes and identifies the judgment as to make certain the legal authority of the court which caused it to be issued, this is sufficient to authorize the sheriff to levy on and sell the land of the defendant in fi. fa., and, in a collateral proceeding, will uphold a sale made under the execution.
3. Where an execution issued from the superior court has been lost, and by appropriate order the judge of the superior court establishes what is designated as a "copy" of the lost original, in substantial conformity to the requirements of section 5321 of the Civil Code, such copy is substantially an "alias fi. fa." as contemplated by the statute, and can as such be legally levied on land belonging to the defendant.
(*a*) A purchaser at sheriff's sale under such fi. fa. would be protected.
4. The court did not err in refusing a new trial.

     FEBRUARY 11, 1915. REHEARING DENIED FEBRUARY 23, 1915.

Complaint for land. Before Judge Sheppard. Liberty superior court. December 16, 1913.

S. K. Ward, as administrator, brought suit against W. C. Price and F. C. Miller as administrator upon the estate of E. P. Miller,

and alleged: The defendants were in possession of a certain tract of land containing 484 acres in Liberty county, and refused to yield possession. The plaintiff, as administrator of the estate of Charles Tutty, claims title to the land, being seized thereof in fee. In the years 1906 and 1907, W. C. Price and E. P. Miller cut cross-ties and pine wood from and upon the land, the cross-ties being of the value of $300, and the pine wood of the value of $100, and have converted the same to their use without the consent of the plaintiff. An abstract of title to the land was attached as an exhibit. A judgment was prayed against Price, and Miller as administrator, for possession of the premises, and for the sum of $400 as the value of the cross-ties and pine wood. Price filed an answer to the petition, admitting that he was in possession of the land, but averring that for lack of information he was unable either to admit or deny that the property was conveyed by William Tutty to Charles Tutty on Sept. 9, 1891. He denied that the plaintiff had any right or title to the land and was seized thereof in fee. He admitted that he had never surrendered possession of the land to the administrator, but denied any demand on him to do so, and denied that plaintiff has any right to make such demand. Miller, as administrator, denied generally all the material allegations of the petition.

During the trial the plaintiff offered the following amendments to his petition: (1) "That said defendants are claiming title to said premises under and by virtue of a sheriff's deed, dated January 3, 1905, made by A. B. Brewer, sheriff of Liberty county, Ga., to W. C. Price and E. P. Miller, covering the premises described in the petition, which deed is based upon and made under and by virtue of the execution therein referred to in favor of C. J. McDonald vs. Charles Tutty for $132.35 principal, and interest $17.50, and interest on said principal sum from May 17, 1900, and costs, issuing out of superior court Liberty county, Georgia, said execution having been issued on May 20, 1900. Said execution purports to be based upon a judgment in favor of C. J. McDonald against Charles Tutty, rendered for said amounts in Liberty superior court on May 23, 1900, in complaint for land, and no other judgment was rendered at said term in favor of C. J. McDonald vs. Charles Tutty except the one dated May 23, 1900, aforesaid. Plaintiff shows to the court that said sheriff's deed and the execution upon which it is based are illegal, null and void; for that said

execution was issued on May 20, 1900, according to its date, while said judgment upon which it purports to be based is dated and was rendered on May 23, 1900. Said execution was prematurely issued." (2) "That defendants claim title to said premises under and by virtue of a sheriff's deed dated January 3, 1905, made by A. B. Brewer, sheriff of Liberty county, Georgia, to W. C. Price and E. P. Miller, covering the premises described in the petition, said deed being based upon an execution in favor of C. J. McDonald *vs.* Charles Tutty, issuing out of Liberty superior court, May term, 1900. That said deed and execution have been introduced in evidence by defendants. Said deed and execution are illegal, null and void, for that, on the date of the rendition of said judgment on May 23, 1900, the defendant in fi. fa., Charles Tutty, who was then defendant in complaint for land suit, which resulted in the rendition of said judgment, was an insane person, and was incapable of making a valid contract, and did not know the consequences of his deeds and acts, owing to his mental derangement, and that said mental condition lasted until the time of his death on October 30, 1904, and commenced before the May term, 1900, of Liberty superior court, all of which was known to the said W. C. Price at the time he purchased with E. P. Miller the premises involved in this case on January 3, 1905." These amendments were disallowed by the court, to which rulings the plaintiff excepted pendente lite. The court directed a verdict in favor of the defendants. A motion for a new trial was made by the plaintiff, which was overruled, and he excepted.

*P. W. Meldrim* and *Edwin A. Cohen,* for plaintiff.

*Oliver & Oliver* and *N. J. Norman,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. The second and third grounds of the amended motion for a new trial will be considered along with the exceptions pendente lite to the disallowance of the amendments offered to the petition (which are set forth in the statement of facts), inasmuch as the refusal to allow the witness to testify, as complained of in these grounds, depends on whether the amendments to the petition should have been allowed. The amendments referred to are predicated upon the theory that the judgment obtained against Tutty was void, because, as alleged, he was insane at the time it was obtained against him; and that consequently the sale of his property under

that judgment was likewise void and the defendants obtained no title to the land in controversy at the sheriff's sale under an execution based on such judgment. This is not an open question in this State. This court decided, as early as the case of *Foster* v. *Jones,* 23 *Ga.* 168, that a judgment against a lunatic is not void, and that a purchaser at sheriff's sale, under such judgment, would be protected. See also Luhrs *v.* Hancock, 181 U. S. 567, 574 (21 Sup. Ct. 726, 45 L. ed. 1005). This being so, the court did not err in disallowing the amendment to the petition, which alleged that the execution and deed introduced in evidence by the defendants were void because the defendant in fi. fa. was insane at the time the judgment was obtained against him, nor in rejecting evidence in support of the amendments on the ground of irrelevancy.

2. Error is assigned because the court refused to permit the plaintiff to prove by the records of the court that the judgment which was the foundation of the execution levied on the land, and under which the land was sold and purchased by the defendant, was the only judgment rendered in favor of C. J. McDonald against Charles Tutty at the May term, 1900, of Liberty superior court, and refused to permit the plaintiff to prove that the May term, 1900, of the superior court of Liberty county did not convene until May 21, 1900, and that the court was not in session on May 17, 1900, the date on which the copy execution sets out the judgment was rendered, the copy execution being dated May 20, 1900. That the execution shows that it was issued a few days before the judgment was obtained is an irregularity, which could be cured by amendment. It is true that the execution should follow the judgment; but a misstatement in the execution as to the date of the judgment, if the execution so describes and identifies the judgment as to make certain the legal authority of the court which caused the execution to be issued, does not render the judgment void, and it is sufficient to authorize the sheriff to levy on and sell the land of the defendant in execution, and, in a collateral proceeding, a sale made under such levy will be upheld. Sprott *v.* Reid, 3 Greene (Iowa), 489 (56 Am. D. 549, and cases cited).

3. Complaint is made because the court admitted in evidence, over objection, what is declared to be a "copy" execution instead of an "alias" fi. fa., as provided by law. Endorsed on the "copy" or "alias" fi. fa. was the following order of the court: "It appear-

ing that the original of the within copy fi. fa. is lost, and that the within is a substantial copy of said lost original: ordered that the within copy be and the same is hereby established in lieu of the lost original. This Nov. 25th, 1904. Paul E. Seabrook, Judge S. C., A. J. C." The land in controversy was levied on and sold under this execution. Section 5321 of the Civil Code is as follows: "When any execution which shall have been regularly issued from the superior courts of this State shall be lost or destroyed, the judge of the court from which the same issued may at any time, either in open court or vacation, upon proper application being made and the facts proved by the affidavit of the applicant, his agent, or his attorney, or by any other satisfactory proof, grant an order for the issuance of an alias execution in lieu of the lost original execution." If the execution was issued in compliance with the provisions of this section (and from its recitals it seems to have been), then the execution established is in all essentials an "alias," although it may have been designated a "copy." Such a fi. fa. can be levied by the sheriff on the land of the defendant in fi. fa., and the purchaser at such sale would be protected in so far as a sale under such fi. fa. would make it a legal sale. We think the judge's order was a substantial compliance with the above-quoted section of the Civil Code. *Rushin* v. *Shields,* 11 *Ga.* 636 (56 Am. D. 436) ; *Water Lot Co.* v. *Bank of Brunswick,* 53 *Ga.* 30 ; *Milner* v. *Akin,* 58 *Ga.* 555 ; *Torrent* v. *Sulter,* 67 *Ga.* 32, 34.

4.  The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*