### 19088. FLANIGAN v. HUTCHINS.

JENKINS, P. J. 1. "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he can not go behind the judgment by an affidavit of illegality." Civil Code (1910), § 5311. Consequently, a levy under an execution can not be arrested by a statutory affidavit of illegality which seeks to set up that the judgment on which the execution was issued was obtained during the absence of the defendant, and while absent by permission of the court. That the present proceeding is not one in equity has been determined by the Supreme Court in transferring the case from that court to this court.

2. A bill of exceptions to a judgment of the superior court denying an injunction does not operate as a supersedeas. A supersedeas in such case results only when the judge has passed an order prescribing the terms upon which the supersedeas will be granted, and the order has been complied with. Civil Code (1910), § 5502; *Ryan* v. *Kingsbery*, 88 *Ga.* 361 (14 S. E. 596); *Stokes* v. *Stokes*, 126 *Ga.* 804 (55 S. E. 1023). Consequently, for this, if for no other reason, the ground of an affidavit of illegality which sets forth that after the levy the affiant's wife had filed an equitable claim to the property levied upon, and sought to enjoin the sale under the levy; that an injunction had been denied by the

superior court, and the affiant's wife had "filed her bill of exceptions and carried the case to the Supreme Court of Georgia, which bill of exceptions operated as a supersedeas to the enforcement of said levy;" that the judgment of the superior court was affirmed by the Supreme Court, but that the plaintiff was proceeding under the previous levy to have the land advertised for sale before the remittitur from the Supreme Court was filed in the office of the clerk of the superior court, was without merit.

3. A misstatement of date in an execution is immaterial so long as the execution is otherwise connected with the judgment. *Ward* v. *Miller*, 143 *Ga.* 164 (84 S. E. 480). Accordingly, the ground of the affidavit of illegality which alleged that the execution showed that the judgment upon which it was based was rendered March 9, 1924, which was Sunday, but which failed to allege that the judgment was in fact rendered on Sunday, was without merit.

4. Under the foregoing rulings, the court did not err in dismissing the affidavit of illegality on demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 22, 1929.

*M. D. Irwin, O. A. Nix,* for plaintiff in error.
*W. L. Nix, N. L. Hutchins,* contra.