## 27011. ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY *et al. v.* LAWSON.

BROYLES, C. J. 1. The motion to dismiss the writ of error, on the ground that the bill of exceptions fails to specify plainly the alleged errors complained of, is denied.

2. The controlling question in this case is whether the claimant, at the

time of his injury, was an employee of the Wofford Oil Company or an independent contractor. The evidence adduced on the hearing authorized the finding of the director and of the Industrial Board that the claimant was an independent contractor, and therefore was not entitled to compensation. It follows that the judge of the superior court erred in sustaining the claimant's appeal and in setting aside the award of the Industrial Board.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 2, 1938. REHEARING DENIED DECEMBER 19, 1938.

*E. E. Carter, R. G. Dickerson, F. M. Scarlett,* for plaintiffs in error.

*Franklin & Eberhardt,* contra.

### ON MOTION FOR REHEARING.

MACINTYRE, J. Speaking for myself: The record shows that the judge of the superior court rendered a decision that, "After consideration of the evidence in the above case and after argument of counsel the court finds: (1) That there is not sufficient competent evidence in the record to warrant the Industrial Board of Georgia or the directors and Industrial Board members in making the order complained of. (2) That said order is contrary to law. (3) That the evidence demands a finding that the claimant, Dan Lawson, was not an independent contractor, but was an employee of the Wofford Oil Company, as in purview of the Georgia workmen's compensation act. Now, therefore, the premises considered, it is ordered and decreed: that said order of the Industrial Board of. Georgia complained of be, and the same is hereby, set aside and the case be, and the same is hereby, recommitted to said board for further hearing in conformity with the judgment and opinion of this court."

The bill of exceptions recites that an appeal was made to the superior court from an award of the Industrial Board of Georgia denying compensation to the claimant, Daniel Lawson. It further recites: "After the case was presented, Honorable W. E. Thomas rendered, signed, and entered a decision and judgment, in which he sustained the appeal of the said Daniel Lawson, disapproved the findings of the Industrial Board and set such findings aside, and ordered that the case be recommitted to the said board for further hearing. To this ruling plaintiffs in error, Wofford Oil Company and Zurich General Accident & Liability Insurance Com-

pany, excepted and now except, and assign the same as error upon the grounds that the court should have affirmed the award of the Industrial Board of Georgia and should have entered judgment sustaining and affirming the award of the Industrial Board of Georgia; and for specific assignments of error Wofford Oil Company and Zurich General Accident & Liability Insurance Company, plaintiffs in error, say that the judge of Lowndes superior court erred in sustaining said appeal and in setting aside the findings of the Industrial Board, for the following reasons, to wit: Because the facts found by the Industrial Board do not support the judgment of Lowndes superior court, herein complained of. Said judgment or decree of Lowndes superior court is contrary to law. Because the court erred in sustaining the appeal from the award of the Industrial Board of Georgia, and erred in disapproving the findings of the Industrial Board, and erred in setting aside the findings of fact made by the board on the ground that he did not agree with such findings of fact. Because the court erred in sustaining the appeal from the award of the Industrial Board of Georgia and erred in ruling that there is not sufficient competent evidence in the record to warrant the Industrial Board of Georgia or the directors and Industrial Board members in making the order, when the full board found as a matter of fact 'There is ample evidence to sustain the award of the hearing director.' Because the Industrial Board found that *as a matter of fact* Daniel Lawson, a brickmason and builder, contracted with the Wofford Oil Company to reconstruct a filling-station. Because it is an effort on the part of the judge of Lowndes superior court to review the findings of fact made by the Industrial Board of Georgia. The judge of Lowndes superior court having no discretion or authority to grant a rehearing or to recommit the case to the Industrial Board for further hearing if there is any evidence upon which to base the award of the Industrial Board; and said judgment and decree of the Lowndes superior court is erroneous for the further reason that it constitutes an effort on the part of the judge of Lowndes superior court to make himself the exclusive judge of the credibility of the witnesses and of the facts testified to by them; and in rendering said judgment and decree the judge of Lowndes superior court has invaded the exclusive province of the Industrial Board and has found a state of facts different from those found by the Industrial Board

of Georgia, and has based the judgment or decree of Lowndes superior court upon the finding of fact so made by himself, contrary to the provisions of sections 57, 58, and 59 of the Georgia workmen's compensation act (Ga. Laws, 1920, p. 167). That the said court erred in sustaining the appeal from the award of the Industrial Board of Georgia and erred in ruling that said order is contrary to law in that said rule abrogates and nullifies the provisions of section 59 of the Georgia workmen's compensation act (Ga. Laws, 1920, p. 167), in which it is expressly provided: 'The findings of fact made by the board within its power, shall, in the absence of fraud, be conclusive. . .' That the judge of Lowndes superior court erred in sustaining the appeal from the award of the Industrial Board of Georgia and erred in that he made the following ruling: 'That the evidence demands a finding that the claimant, Daniel Lawson, was not an independent contractor but an employee of Wofford Oil Company as in per view [purview] of the Georgia workmen's compensation act.' In that said ruling is contrary to the facts found by the Industrial Board when they stated *as a matter of fact* that Daniel Lawson was an independent contractor and not an employee and he again pervades the exclusive jurisdiction of the Industrial Board by ruling contrary to the facts found by the said Industrial Board."

In his motion for rehearing the defendant in error says that "the plaintiffs in error failed to assign error on the judgment of the superior court of Lowndes County on the ground that the same is contrary to the evidence, and failed to allege in the assignment of error, contained in their bill of exceptions, wherein the judgment complained of is contrary to law," and that "nowhere in any of the assignments of error is it stated wherein such judgment or decree is contrary to law. It is therefore submitted that this case comes within the purview of the ruling in the case of *Groover, Stubbs & Company* v. *Inman,* . . 60 *Ga.* 406, 407 (5)." It seems to me that in the instant case the situation is somewhat analogous to an exception to a direction of a verdict in a case where the judge ruled that the evidence demanded the verdict. In the case at bar the superior court held that the evidence before the Industrial Board demanded a finding that the claimant was an employee and not an independent contractor. The meat of the exceptions to this order is that the evidence before the Industrial

Board did not demand such a finding. In *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861, 864 (193 S. E. 770), in discussing the sufficiency of an assignment of error it was said: "If we are to give effect to the legislative mandate that no case shall be dismissed for any want of technical conformity to the statute or rules of practice where there is enough in the bill of exceptions or transcript of the record, or both, to enable us to ascertain substantially the real question in the case which the parties seek to have decided, then the motion to dismiss the writ of error must be denied. In *Kelly* v. *Strouse,* 116 *Ga.* 872 (10) (43 S. E. 280), it was ruled that an assignment of error in the words, 'the court committed error in directing a verdict for the plaintiff, under the pleadings in the case and the evidence submitted to the jury,' was a 'special assignment of error' presenting for decision the question whether the facts alleged in the petition and shown by the evidence were sufficient in law to authorize a recovery by the plaintiff."

The decision in *Groover* v. *Inman,* 60 *Ga.* 406, 410 (5), upon which counsel confidently rely as controlling in this case, says: "This is not a motion for a new trial on the ground that the decree is contrary to law and evidence, but the case is brought here on a bill of exceptions alone, and it was incumbent on the plaintiffs in error to have distinctly specified in their bill of exceptions the particular points of law which the decree violated, in order to obtain a reversal thereof in this court. See rule eight of the Supreme Court." But it should be remembered that the act of 1893. (Ga. L. 1893, p. 52), was passed after the rendition of the decision in the *Groover* case, and a part of the act of 1893 is now embodied in the Code, § 6-1307.

However, in the instant case the plaintiffs in error distinctly, in their bill of exceptions, specify that the particular point of law which they claim the judgment violated is "sustaining the appeal from the award of the Industrial Board of Georgia and . . in ruling that said award is contrary to law in that said rule abrogates and nullifies the provisions of section 59 of the Georgia workmen's compensation act (Ga. Laws 1920, p. 167), in which it is expressly provided: 'The findings of fact made by the board within its power, shall, in the absence of fraud, be conclusive. . .'." The plaintiffs in error thus, in effect, say that the judgment of the superior court is contrary to the law and the evidence and is con-

trary to law in that the superior court erroneously applied a distinct and designated point of law to the evidence in the case, and in consequence thereof its judgment is contrary to the law as expressed in section 59 of the act of 1920, which says: "The findings of fact made by the commission within its power shall, in the absence of fraud, be conclusive." See Code, § 114-710.

I have given this motion for rehearing a laborious and painstaking consideration on account of the earnestness with which able and distinguished counsel have twice urged that the bill of exceptions should be dismissed. I am forced to the conclusion that the bill of exceptions and the transcript of the record fully enable this court to ascertain substantially the real questions in the case, and that is all that is required under Code, § 6-1307. As to the question whether or not the claimant was an independent contractor or an employee, I think that this is one of those border-line cases where it was proper for the Industrial Board to determine the question. I therefore concur in the denial of the motion for a rehearing.