21250. COLLINS, by Next Friend v. COLLINS.

CANDLER, Justice. The record in this case shows the following facts: On May 28, 1959, Mrs. Louise W. Collins filed a verified petition in the Court of Ordinary of Candler County in which she alleged that Jacob C. Collins, her husband, was mentally incompetent and for that reason should be committed to the Milledgeville State Hospital. Her petition was regularly heard, and on a finding by the commission that its allegations were true, the ordinary granted an order directing that he be committed either to the Milledgeville State Hospital or to the U. S. Veterans Hospital at Augusta, Georgia. He was accordingly committed to the latter mentioned institution, but no guardian either of his person or of his property was appointed. On July 9, 1959, she filed a suit against him in the

Superior Court of Candler County for divorce, alimony, and custody of their minor child, alleging habitual intoxication as her ground therefor. On February 6, 1961, she was granted a divorce, and custody of their minor child was awarded to her. On the same day, but by a separate judgment, his equitable interest in described realty was awarded to her individually as permanent alimony. On March 31, 1961, he through Edenfield Hendrix, as his next friend, filed an equitable suit in the Superior Court of Candler County against her to set aside the judgments she had obtained against him. So far as need be stated, his petition alleges that he was an insane person when his wife filed her suit for divorce and alimony against him, had been such at all times during the pendency of her suit, and was such when the judgments sought to be set aside were rendered against him. The trial judge was never apprized of his mental incapacity, and no guardian ad litem was appointed for the purpose of representing him in such action. An oral motion to dismiss the petition on the ground that it failed to state a cause of action for the relief sought was sustained, and his petition was dismissed. The exception is to that judgment. *Held:*

It is a well-settled rule of law that a judgment rendered against an insane person who has no legal guardian and for whom no guardian ad litem has been appointed for the purpose of appearing for him in that proceeding is voidable; and where, as here, a suit is properly brought to set such a judgment aside on that ground, it is erroneous for the court to dismiss the petition on an oral motion in the nature of a general demurrer which questions the sufficiency of the petition's allegations to state a cause of action for the relief sought; and this is true even in a case where the insane person was represented by counsel. See *Code* § 37-1003; *Nicholson v. Wilborn*, 13 Ga. 467 (3); *Foster v. Jones*, 23 Ga. 168 (2); *Ward v. Miller*, 143 Ga. 164, 166 (84 SE 480); *Brown v. Anderson*, 186 Ga. 220 (197 SE 761); *Strickland v. Strickland*, 201 Ga. 293 (39 SE2d 483); *Chambers v. Chambers*, 206 Ga. 796 (58 SE2d 814); *Lowery v. Browning*, 212 Ga. 586 (94 SE2d 413); Luhrs v. Hancock, 181 U.S. 567, 574 (21 SC 726, 45 LE 1005); and 44 C.J.S. 325, § 151 (b).

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 12, 1961—DECIDED JULY 6, 1961—
REHEARING DENIED JULY 24, 1961.

*Anderson & Trapnell,* for plaintiff in error.
*Hugh R. Kimbrough,* contra.