*Ross & Finch, Claude Ross, Ellis Ray Brown,* for appellee.

25377. KEITH, Guardian v. BYRAM.

SUBMITTED SEPTEMBER 8, 1969—DECIDED NOVEMBER 6, 1969.

*Henry N. Payton,* for appellant.

*Charles Van S. Mottola,* for appellee.

FELTON, Justice. Samuel R. Keith, as guardian of Luther and Ophelia Keith, filed a complaint in equity, pursuant to *Code Ann.* § 81A-160 (e) (Ga. L. 1966, pp. 609, 662; as amended, Ga. L. 1967, pp. 226, 239, 240) to set aside a default judgment entered on December 29, 1967, against his wards in an action by George N. Byram to recover the amount of his sale commission under an exclusive real estate listing agreement. The complaint alleges that the plaintiff was appointed guardian of both wards following their adjudication as mental incompetents in December of 1968; that during the pendency of the action

against them and the entry of the default judgment therein both wards were mentally incompetent to manage their own affairs or to defend the action; that the attorney of said defendants failed to defend them in said action because of his inability to work because of his illness and use of alcohol and drugs, of which the defendants were unaware; that Byram had been aware of the fact that the sale of the property was not consummated because of a defect in the title to a portion of it; that Byram attempted to obtain the optionee's approval of the title so that the sale could be consummated; and that the default judgment was based upon Byram's false and fraudulent allegation that "the defendants refused to perform their contract." The court dismissed the action on the ground that the complaint fails to state a claim against the defendant upon which relief can be granted, from which judgment plaintiff appeals.

1. A judgment rendered against an insane person who has no legal guardian and for whom no guardian ad litem has been appointed for the purpose of appearing for him in that proceeding is voidable, even in a case where the insane person was represented by counsel. *Collins v. Collins*, 217 Ga. 143, 144 (121 SE2d 18) and cit.

2. The present plaintiff's action is not barred by his counsel's failure in the first proceeding to attack the prior judgment on the ground of the Keiths' incompetency. This ground was not included in their motion to set aside the judgment, the overruling of which was affirmed in *Keith v. Byram*, 118 Ga. App. 364 (163 SE2d 753), nor could it have been included, since it was not a nonamendable defect "which does appear upon the face of the record or pleadings." *Code Ann.* § 81A-160 (d). The present complaint does not affirmatively allege that the mental incompetency was known to counsel at the time he filed his motion to set aside the judgment. "[A] motion to dismiss should not be granted unless the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claim." *Residential Developments, Inc. v. Mann*, 225 Ga. 393, 397 (1) (169 SE2d 305) and cit. A showing that their incompetency in fact existed at the time of the entry of

judgment against them would suffice to authorize the court to set aside the judgment. Under the *Collins* case, supra, the incompetents' representation by counsel, even competent counsel, would not affect this result.

3. The complaint stated a claim against the defendant upon which relief could be granted; therefore, the court erred in its judgment dismissing the action.

*Judgment reversed. All the Justices concur.*