58096. SELLERS v. BELL.

SHULMAN, Judge.

Defendant appeals the denial of his motion to set aside a default judgment. We affirm.

Defendant, submitting that his mental incompetency required personal service in accordance with Code Ann. § 81A-104(d) (4), and not the substituted service which was effected, asserts that the court erred in

denying and refusing to consider extrinsic evidence in support of his § 81A-160 (d) motion to set aside the judgment for lack of personal jurisdiction. We cannot agree.

1. Contrary to defendant's contentions, the court considered extrinsic evidence regarding the mental condition of the defendant before reaching its determination that service was properly made upon the defendant. The court rightfully concluded that inasmuch as defendant was not *adjudged* mentally incompetent until after service had been made pursuant to Code Ann. § 81A-104 (d) (7) (and no allegation had been made that plaintiff was aware of defendant's condition), plaintiff was under no duty to personally serve the defendant with the complaint and summons. Clearly, Code Ann. § 81A-104 (d) (4) mandates personal service for only those persons who have been *"judicially declared* to be of unsound mind or incapable of conducting [their] own affairs . . ." (Emphasis supplied.) Since no such determination had been made of the defendant until several months after the plaintiff had served the defendant with her complaint and summons, the plaintiff's form of service under § 81A-104 (d) (7) was sufficient to confer upon the court personal jurisdiction over the defendant.

2. Defendant argues that even if service of process had been proper, the court erroneously refused to exercise its discretion to void the judgment, since the court was under the misapprehension that Code Ann. § 81A-160 (d) was not the proper vehicle to challenge a judgment rendered against a mental incompetent. See, e.g., *Collins v. Collins,* 217 Ga. 143 (121 SE2d 18); *Keith v. Byram,* 225 Ga. 678 (171 SE2d 120), holding that judgments against an insane person are voidable under appropriate circumstances. We must take issue with appellant's contentions of error.

An attack on a prior judgment based on the competency of the defendant (and not on a jurisdictional issue) cannot be included in a motion to set aside a judgment made solely under Code Ann. § 81A-160 (d) "since it [is] not a nonamendable defect 'which does appear upon the face of the record or pleadings.' Code Ann. § 81A-160 (d)." *Keith v. Byram,* supra, p. 679. Thus, if

appellant wished to set aside the judgment as improper on the basis of the voidability of a judgment rendered against an incompetent, then it was incumbent upon him to file a petition in equity for such relief, under Code Ann. § 81A-160 (e) and proceed by complaint and summons as required by § 81A-160 (f). See *Keith v. Byram,* supra, (2). Since defendant failed to comply with the requirements of § 81A-160 (f), the trial court properly declined to consider the motion as an equitable one. Compare *Holloway v. Frey,* 130 Ga. App. 224 (3) (202 SE2d 845).

The foregoing enumerations of error being without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Submitted July 2, 1979 — Decided September 21, 1979.

*Thomas G. Sampson, John L. Kennedy,* for appellant.

*J. L. Jordan,* for appellee.