37886. BELL v. SELLERS et al.

HILL, Presiding Justice.

Mary Ann Bell, a tenant in an apartment owned by J. H. Sellers, allegedly was injured due to the negligent maintenance of the premises. In January, 1978, Bell sued Sellers, who was then 103 years old and (unknown to Bell) in a nursing home. Service of the suit was made on February 1 by leaving a copy with Sellers' wife at their home.

On April 17, 1978, Mrs. Sellers filed an application in the Fulton County Probate Court for appointment of a guardian for her husband as a mentally ill or incompetent person. Hearing was set for May 2, at which time an examining committee was appointed, the examiners found in favor of the application, and Mrs. Sellers was appointed her husband's guardian, all on May 2. Because Mrs. Sellers was 77 years of age and unable to manage her husband's affairs, J. M. Richardson was substituted as Mr. Sellers' guardian in August.

The damage suit being in default, Bell obtained a jury verdict for

$30,000 on September 28, 1978. On October 27, Mr. Sellers' guardian made a motion to set aside the judgment on the ground of lack of jurisdiction of the person of the incompetent defendant. See Code Ann. § 81A-160 (d). In support of this motion the guardian submitted two affidavits, one from Mr. Sellers' personal physician and one from the nursing home physician stating that based upon personal knowledge Mr. Sellers became incompetent in 1975 and remained so continuously to the present time. The motion to set aside was overruled because the defect did not appear upon the face of the record or pleadings. On appeal, *Sellers v. Bell,* 151 Ga. App. 440 (260 SE2d 538) (1979), the Court of Appeals affirmed, noting that the proper procedure would be by complaint in equity under Code Ann. § 81A-160 (e).

Sellers, by his guardian, filed his complaint in equity on November 15, 1979, seeking to set aside the judgment in the damage suit. After filing the affidavits of the two doctors identified above, Sellers moved for a summary judgment setting aside the judgment in the damage suit. The trial court entered findings of fact and conclusions of law finding that Sellers was in fact physically and mentally incompetent at all material times, although not declared legally incompetent until May 2, 1978; that no service had been perfected upon him personally or upon a duly appointed guardian; and that a judgment rendered against a person incapable of managing his affairs was voidable under *Collins v. Collins,* 217 Ga. 143 (121 SE2d 18) (1961), and *Keith v. Byram,* 225 Ga. 678 (171 SE2d 120) (1969). The court granted summary judgment setting aside the judgment in the damage suit and allowed Sellers to answer that suit upon payment of costs.

1. On appeal, Ms. Bell argues that it was error for the trial court to grant summary judgment based upon the opinions of the doctors contained in their affidavits, citing *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393) (1969). But see *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978); *Tony v. Pollard,* 248 Ga. 86 (1981). However, we find no objection made to the trial court's consideration of these affidavits.

In *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298) (1972), the Court of Appeals held that an attack on an affidavit opposing a motion for summary judgment, on the ground that the affidavit does not show the requisite personal knowledge, will not be considered on appeal unless the objection to the affidavit was made in the trial court. The Court of Appeals reasoned as follows (126 Ga. App. at 481): "In his six-page scholarly order ruling against appellant from which this appeal is taken, he [the trial judge] refers specifically to recitals contained in the affidavit that is now being attacked. Obviously, it would be unfair to the trial jurist for this court

to be permitted to consider this appeal without consideration of the same record including this affidavit sub judice which the trial judge recognized as creating a factual issue. Furthermore, to disregard the affidavit now under attack would call upon us to consider the case on a completely different basis from that presented below and this would be contrary to the line of cases . . . holding, 'He must stand or fall upon the position taken in the trial court.' " See also *McKinnon v. Trivett,* 136 Ga. App. 59 (2) (220 SE2d 63) (1975), which followed *Federal Ins. Co. v. Oakwood Steel Co.,* supra. Although neither of the Court of Appeals decisions cited above involved expert opinion affidavits and Judge Eberhardt in his concurring opinion in the *Federal Ins. Co.* case indicated to the contrary, we adopt the rule that objections to expert opinion affidavits will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on the motion for summary judgment.

There being no objection here to the trial court's considering the two expert opinion affidavits, the trial court did not err in granting summary judgment based thereon.

2. Ms. Bell argues that a judgment against an incompetent may not be attacked by complaint in equity to set aside the judgment where a guardian had been appointed at the time the judgment was entered. She seeks to distinguish the cases of *Collins v. Collins* and *Keith v. Byram,* supra, relied upon by the trial court, on the basis that in those cases no guardian had been appointed prior to the entry of judgment. There being no showing that the guardian serving at the time the judgment was entered was on notice of the pendency of the damage suit against his ward, we decline to distinguish those cases on the basis urged.

3. Ms. Bell urges that a complaint in equity is not the proper means to set aside this judgment because there has been no "fraud, accident or mistake" or act of hers, within the meaning of Code Ann. § 81A-160 (e), such as would authorize a court of equity to grant relief. *Keith v. Byram,* supra, held that under circumstances such as these, i.e., mental incompetency of a defendant at the time of service of process, a complaint in equity under Code Ann. § 81A-160 (e) was the proper means to set aside the judgment because a motion to set aside under § 81A-160 (d) would not lie as the defect did not appear on the face of the record or pleadings. We note that § 81A-160 (d) has since been amended to include lack of jurisdiction regardless of whether shown on the face of the record or pleadings. Ga. L. 1974, p. 1138. Whether or not a motion to set aside would lie today under Code Ann. § 81A-160 (d) we do not here decide. *Sellers v. Bell,* supra, is the law of this case, Code Ann. § 81A-160 (h), and certainly a court of equity

would follow *Keith v. Byram* under these circumstances. The trial court did not err in entertaining and granting this complaint in equity to set aside the judgment.

4. The remaining enumerations of error are without merit. *Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1981.

*J. L. Jordan,* for appellant.

*Thomas, Kennedy, Sampson & Edwards, Thomas G. Sampson, Donald P. Edwards, John L. Kennedy, Linwood R. Slayton, Jr.,* for appellees.