## LONG *v.* THE STATE.

No. 15818. May 15, 1947.

236

*George G. Finch,* for plaintiff in error.

*Lindley Camp, Solicitor, Paul Webb, Solicitor-General,* and *J. W. LeCraw,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The demurrer to the accusation should have been sustained, and it was error for the Superior Court to overrule and dismiss the certiorari.

The act approved March 18, 1937 (Ga. L. 1937, p. 780), as amended by the act approved March 27, 1941 (Ga. L. 1941, p. 422), applies only to a county in which there is situated a city with a population of 200,000 or more. Section 2 of the original act provides: "The Board of Commissioners of Roads and Revenues or other county authority having charge of the roads and revenues of such counties shall have full power and authority to prohibit, limit, restrict, and otherwise regulate the parking of vehicles on the public roads of the county outside of the incorporated limits of municipalities and to define and declare what are congested areas and restricted territories relative to speed of vehicles, parking of vehicles, and such other provisions as may be found by said Boards to be necessary to effectively provide for the safety and convenience of the citizens of the county as to the use of the public roads of the county outside of the incorporated limits of municipalities." By section 3 it is made a misdemeanor to violate any rules and regulations so adopted by the county authority.

By the act approved March 24, 1939 (Ga. L. 1939, p. 295; Code, Ann., § 68-301), the automobile speed limit in this State is fifty-five miles per hour.

Article 3, Section 1, Paragraph 1, of the Constitution of 1877,

which was in force at the time of the passage of this act, provides: "The legislative power of the State shall be vested in a General Assembly which shall consist of a Senate and House of Representatives." Code, § 2-1201.

Only the General Assembly has the right to legislate and prescribe the laws of this State. In our Code may be found many laws of a local-option nature, where the law is defined by the General Assembly but is to take effect in a county upon an election by the people, by the recommendation of a grand jury, or some other defined manner. We also have another type of laws which are enacted by the General Assembly but authorize some designated authority as an administrative body to exercise quasi-legislative functions, and to adopt rules and regulations to carry the law into effect and to provide details therefor. A full and interesting discussion of such laws will be found in *Southern Ry. Co.* v. *Melton,* 133 *Ga.* 277 (65 S. E. 665). See also *Abbott* v. *Commissioners of Fulton County,* 160 *Ga.* 657 (3) (129 S. E. 38); 87 A. L. R. 534, and annotations on p. 546.

But the question here presented does not fall in the category of either of the foregoing. In the instant case, the act attempted to authorize the county commissioners to make a law, by defining the act, the violation of which would be a misdemeanor, and was a plain attempt to delegate the legislative authority of the General Assembly to the county commissioners. See *Moseley* v. *Garrett,* 182 *Ga.* 810 (2) (187 S. E. 20). The act in question sought to give the county commissioners authority to change and modify the terms of an existing penal statute, by permitting them to prescribe a speed limit according to their discretion. This would be a clear delegation of legislative power, and would be tantamount to substituting the discretion of the county commissioners for that of the General Assembly in prescribing the terms of a law. To embark upon such a relaxation of our constitutional provision, as applied to our criminal statutes, would permit a crazy-quilt operation of the speed law and other criminal laws throughout the State. If the law as to the speed limit outside of municipalities can be prescribed by the county commissioners, then the law as to houses which are the subject of burglary can be changed, and even the rules of law defining the various grades of homicide could be redefined. In fact the elements of every criminal statute

could be thus changed, thereby permitting the laws of the State to be prescribed according to the whims of the governing authority of each particular county.

*Judgment reversed. All the Justices concur.*