## 56701. GARRISON v. HUTTON.

BANKE, Judge.

In this appeal we are called upon to decide whether a 5-week-old infant can suffer a "disability" as that term is used in the Georgia Motor Vehicle Accident Reparations Act. Code Ann. § 56-3410b et seq. (Ga. L. 1974, pp. 113-124). The appellant, the infant child, brought suit against the appellee to recover damages for personal injuries received in an automobile accident. The appellee moved for summary judgment alleging that the child had sustained no "serious injury" and thus that there could be no recovery under the terms of the Act. The trial court agreed and granted the motion, giving rise to this appeal.

*Held:*

Code Ann. § 56-3410b (a) provides as follows: "In an action against a person insured as provided in section 56-3403b, or self-insurer, to recover damages because of accidental bodily injury arising out of the ownership, operation, maintenance or use of an insured motor vehicle in this state, an insured person shall be exempt from liability to pay damages for noneconomic loss *unless the injury is a serious injury as defined in subsection (j) of Section 56-3402b."* (Emphasis supplied.)

Code Ann. § 56-3402b (j) defines "serious bodily injury" as follows: " 'Serious injury' means an accidental bodily injury which results in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500, *or an injury resulting in disability for not less than 10 consecutive days."* (Emphasis supplied.) The only issue involved in this case is whether the child could have suffered a "disability" as that term is used in the above Code section. It is not contended that the child suffered any of the other types of injury described in the statute.

"Disability" is defined by Code Ann. § 56-3402b (d) as follows: "The term 'disability' shall mean any period of time commencing within 24 months from the date on which the motor vehicle accident occurred during which an insured is unable to either: (1) Perform substantially all of the duties required by his usual occupation; or (2) Engage in his principal activity if such person is not employed on at least a full-time basis."

The appellant contends that one of the principal activities of an infant child is sleeping and points to evidence that the infant in this case lost sleep during the 10 days following the accident. We agree with the trial court, however, that the term "principal activity" as used in the context of the statute has reference to some sort of productive, albeit perhaps uncompensated, activity. Thus, while inability to sleep might result in a disability, it would not in and of itself be a disability. Since, due to its extreme youth, the appellant in this case could not have been involved in any productive activity prior to the

accident, the grant of summary judgment to the appellee was proper.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED JANUARY 25, 1979 — REHEARING DENIED FEBRUARY 13, 1979 —

*Sartain & Carey, Jack M. Carey,* for appellant.
*Telford, Stewart & Stephens, William H. Blalock, J. Douglas Stewart,* for appellee.