## 61625. BOATS FOR SAIL, INC. v. SEARS.

BANKE, Judge.

This is an appeal by the defendant from an order granting summary judgment to the plaintiff in a suit to collect for accounting services. The defendant opposed the motion for summary judgment with affidavits from its president, from another accountant employed by the firm after its relationship with the plaintiff was terminated, and from an officer of a bank to which the plaintiff owed money. These affidavits raise issues as to whether the plaintiff performed his services in a competent manner and as to whether he complied with an agreement to complete a requested financial statement by a specified date so as to enable the firm to secure additional bank financing. The plaintiff contends that the grant of summary judgment is supported by deposition testimony which is not in the record on appeal because the defendant designated it for omission in its notice of appeal.

1. We find no support for the plaintiff's contention that the defendant designated the alleged deposition testimony for omission from the record on appeal. The amended notice of appeal does request that "any transcript" be omitted; however, there is no indication that an evidentiary hearing ever took place, and thus it does not appear that any transcript exists. Furthermore, even if the defendant had designated a relevant portion of the record for omission, the plaintiff was entitled, under Code Ann. § 6-806, to file his own designation of record to correct the deficiency. The plaintiff also had a remedy for correction of the record under Code Ann. § 6-805 (f), even after it had been transmitted to this court. In the absence of any attempt on the plaintiff's part to exercise these remedies, we must assume that the record before us is complete in all

relevant respects.

2. A genuine issue of material fact exists as to whether the plaintiff performed the services in accordance with the parties' agreement. Accord *Sikes v. Folsom Const. Co.,* 151 Ga. App. 630 (260 SE2d 755) (1979). The order granting summary judgment is accordingly reversed.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH, 19, 1981.

*Tom Benham,* for appellant.
*Charles F. Peebles,* for appellee.