## 62168. GRIFFIN v. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

Shulman, Presiding Judge.

Plaintiff-appellant, a 67-year-old retiree, was struck by a truck driven by an employee of defendant-appellee. Plaintiff was taken to Grady Memorial Hospital where X-rays of his hip revealed that no fracture occurred. His total medical bill was $37.00. Plaintiff brought suit seeking to recover noneconomic losses under Code Ann. § 56-3410b. This appeal is from the grant of summary judgment for

defendant.

The paramount question to be answered is whether the injury sustained by plaintiff is a "serious injury" within the meaning of Code Ann. § 56-3402b (j).

"(a) In an action against a person insured as provided in section 56-3403b, or self-insurer, to recover damages because of accidental bodily injury arising out of the ownership, operation, maintenance or use of an insured motor vehicle in this State, an insured person shall be exempt from liability to pay damages for noneconomic loss unless the injury is a *serious injury as defined in subsection (j) of section 56-3402b.*

"(b) Any person eligible for economic loss benefits described in section 56-3403b, subsection (b) is precluded from pleading or recovering in an action for damages against a tortfeasor, those damages for which compensation is available for economic loss under said section: Provided, however, that nothing contained in this section shall preclude the introduction of any evidence otherwise admissible in a judicial proceeding for the purpose of proving the extent of the injury or injuries sustained by such person." (Emphasis supplied.) Code Ann. § 56-3410b.

Code Ann. § 56-3402b (j) defines "serious injury" as "an accidental bodily injury which results in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500, or an injury resulting in disability for not less than 10 consecutive days."

Plaintiff bases his contention on the final phrase of the definition: ". . . an injury resulting in disability for not less than 10 consecutive days." Disability is defined as "any period of time commencing within 24 months from the date on which the motor vehicle accident occurred during which an insured is unable to either: (1) Perform substantially all of the duties required by his usual occupation: or (2) Engage in his principal activity if such person is not employed on at least a full-time basis." Code Ann. § 56-3402b (d).

Since plaintiff is a retiree with no occupational income, he claims to qualify under subsection (d) (2). In *Garrison v. Hutton,* 149 Ga. App. 39 (253 SE2d 406), this court held that the term "principal activity" as used in the context of the statute has reference to some sort of productive, albeit perhaps uncompensated, activity.

Plaintiff enumerates several activities that were either eliminated or curtailed by his injuries and alleges that these pursuits should fall within the scope of a "principal activity" as contemplated by Code Ann. § 56-3402b (d) (2). Some of the activities listed by the

plaintiff included fishing, walking, and light yardwork.

Upon consideration of the record, we are constrained to agree with the trial court that plaintiff, as a matter of law, did not suffer a "serious injury" within the meaning of Code Ann. § 56-3402b (j). The activities enumerated by plaintiff were either not sufficiently curtailed or were not sufficient to qualify as plaintiff's "principal activities." *Carolina Cas. Ins. Co. v. Davalos,* 154 Ga. App. 776 (269 SE2d 897), revd. on other grounds, 246 Ga. 746 (272 SE2d 702), is factually distinguishable with regard to the injuries and activities involved.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 18, 1981.

*J. Eugene Wilson,* for appellant.
*George W. Hart, Michael Glenn Frick,* for appellee.