### 62594. FERGUSON v. MILLER.

BIRDSONG, Judge.

Ferguson, the plaintiff below, appeals the grant of summary judgment to H. L. Miller. *Held:*

We reverse. The appellee Miller filed his motion for summary judgment on April 3, 1981, and sent it to the plaintiff's attorneys with a "notice of hearing" which stated only that "You are hereby notified that the foregoing motion of defendant for summary judgment will be considered by the Court pursuant to the local rules of said court." The court issued no notice or rule nisi, and no hearing was scheduled. Forty days later, the trial court issued summary judgment against the appellant, based upon the defendant's grounds. The local court rules of Lowndes Superior Court provide that "oral argument shall not be heard [on motions for summary judgment] unless requested in writing by one of the parties, or requested by the court."

In *Peoples Financial Corp. v. Jones,* 134 Ga. App. 649, 650 (215 SE2d 711), we said, "it is error to grant a motion for summary judgment without . . . giving notice or the opportunity to be heard." In

*Smith v. Conley,* 152 Ga. App. 589, 591 (263 SE2d 453), we reversed a summary judgment which the trial court granted without a hearing, without fixing a time for a hearing and without giving appellants notice of the time when judgment would be rendered, and we said that if local court rules are not in substantial compliance with the Civil Practice Act with regard to summary judgments, they are of no effect. The federal courts have likewise interpreted the language found in Rule 56 of the Georgia Civil Practice Act (Code Ann. § 81A-156) as requiring notice to an adverse party and a hearing. Bon Air Hotel v. Time, 426 F2d 858, 863; Enochs v. Sisson, 301 F2d 125, 126. In Kibort v. Hampton, 538 F2d 90, 91, the Fifth Circuit Court of Appeals said that while "hearing" does not necessarily mean an oral hearing, the Act at the very least contemplates notice to the respondent that the matter will be heard and taken under advisement as of a certain day. Like the respondent in Kibort v. Hampton, the appellant in this case received neither notice nor hearing, and "there was no reason for the plaintiff to suspect that the court was about to rule on the motion." (Kibort, p. 91). We are not, however, persuaded to follow what might be inferred from footnote 1 of the Kibort opinion, to the effect that procedures provided by local court rules, or mere reference to such rules, might alone provide sufficient notice and hearing to the respondent. CPA Rule 6, Code Ann. § 81A-106 (d) provides that "a written motion other than one which may be heard ex parte, and *notice of the hearing thereof shall be served* not later than five days before the time specified for the hearing, unless a different time is fixed by this Title [see CPA Rule 56, Code Ann. § 81A-156 (c)] or by order of the court." (Emphasis supplied.) This code section and Rule 56 and the spirit of the summary judgment procedure contemplate that the respondent shall have actual notice of a day upon which the matter will be heard and judgment rendered upon the record then existing. A mere reference to the local court rules sent by the attorney does not give such actual notice and opportunity to be heard. Granted the appellant in this case would have done well to look at the local rules, but the notice he got did not inform him that his whole case depended upon it, and if he had done so he would still not have known that judgment would issue against him on a day certain without a further opportunity to submit his case. The notice and hearing required by Code Ann. §§ 81A-106 (d) and 81A-156 (c) being, even with reference to the local rules, wholly inadequate in this case, it was error to issue summary judgment against the appellant. *Smith v. Conley,* supra. See especially *Premium Dist. Co. v. National Dist. Co.,* 157 Ga. App. 666, 668 (2) (278 SE2d 468).

This error was harmful and requires reversal. The appellee concedes on appeal that, contrary to the summary judgment which

held appellant's case to be barred by the statute of limitations, the appellant's cause of action for damage to personalty is not so barred (see *U-Haul Co. v. Abreu & Robeson,* 247 Ga. 565, 567 (277 SE2d 497)).

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 19, 1981.

M. E. Thompson, Jr., Wilby C. Coleman, for appellant.
F. Thomas Young, J. Converse Bright, for appellee.