## 62778. WILLIAMS v. UNIVERSAL DECORATORS, INC.

SOGNIER, Judge.

Universal Decorators, Inc. sued Williams on a written, unconditional promissory note executed in favor of Joe Frost, d/b/a Universal Decorators. Universal Decorators, Inc. is the successor corporation to Universal Decorators, a partnership under subcontract with the contractor, Williams, for work done on a construction project.

Williams defended on the grounds that there was no privity of contract with Universal Decorators, Inc. and that the note was payable only upon collection of money due on the construction contract performed by Williams for a third person. Universal

Decorators, Inc. filed a motion for summary judgment supported by affidavits showing a transfer of the note to the corporation from the partnership. The trial court granted appellee's motion for summary judgment.

Appellant contends the trial court erred in granting summary judgment because there was an issue of fact as to Williams' liability to Universal Decorators, Inc. on the note, and as a matter of law, Williams was not obligated to the corporation on the note.

After its motion for summary judgment was filed, Universal Decorators, Inc. filed a supplemental affidavit of Joe Frost stating that the promissory note was transferred to the corporation by the partnership as an asset. Appellant argues that the affidavit was not timely filed in accordance with Code Ann. § 81A-106 (d), and that the trial court erred in considering the affidavit in ruling on appellee's motion for summary judgment. However, appellant made no objection to the filing of the supplemental affidavit. The error, if any, in the timely submission requirement of Code Ann. § 81A-106 (d) was waived by appellant's failure to object to the supplemental affidavit in the trial court. *Clayton McLendon, Inc. v. McCarthy,* 125 Ga. App. 76, 77 (1) (186 SE2d 452) (1971); *Jones v. Howard,* 153 Ga. App. 137, 139 (264 SE2d 587) (1980).

The supplemental affidavit was uncontroverted and showed conclusively that the note was transferred to the corporation. Thus, appellee acquired title to the note and was entitled to sue to collect it. Code Ann. § 109A-3 —201 (1); *Hazel v. Tharpe & Brooks,* 159 Ga. App. 415 (283 SE2d 653) (1981). The note contained an unconditional promise to pay, and was complete as written. Any conditions placed on payment of the note were not apparent from the face of the note and may not be proved by parol evidence. *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (218 SE2d 677) (1975).

Summary judgment in favor of appellee was correctly granted. *Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 4, 1982.

*Arthur P. Tranakos, Robert F. Webb,* for appellant.
*James P. Fields,* for appellee.