65892. SOUTHEASTERN HOSE, INC. v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.

McMURRAY, Presiding Judge.

In January of 1977, Florida Hose and Couplings, Inc. leased certain premises from The Prudential Insurance Company of America (Prudential) (acting through its management and leasing agent). In connection with this lease agreement Southeastern Hose, Inc. executed a "guaranty" under which it agreed to "perform as primary obligator [obligor], all liabilities, obligations and duties (including, but not limited to payment of rent) imposed upon the Lessee [Florida Hose and Couplings, Inc.] under the terms of the Lease . . ."

Prudential filed this action on the guaranty alleging that Florida Hose and Couplings, Inc. (Florida Hose) had defaulted under the terms of the original lease and a renewal of the lease executed in accordance with the renewal option contained in the lease. By reason of Florida Hose's default and by reason of the "Guaranty" executed by defendant, the defendant is alleged to be indebted to plaintiff.

Both parties filed their respective motions for summary judgment supported by affidavits. The trial court entered its order on these motions denying defendant's motion for summary judgment and granting plaintiff's motion for summary judgment as to all issues except the amount of attorney fees to be included in the judgment. Defendant appeals. *Held:*

1. Defendant contends that plaintiff on three previous occasions has voluntarily dismissed an action based on or including the same claim as the present action. If defendant's contention is correct the third voluntary dismissal operated as an adjudication on the merits under OCGA § 9-11-41 (a) (formerly Code Ann. § 81A-141 (a) (Ga. L. 1966, pp. 609, 653)).

In reviewing the claims in the three dismissed actions relied upon by defendant, we note that defendant's contention is incorrect if any one of the previous actions is *not* based on or including the claim presented in the present action. The defendant in the action sub judice is not a party to one of the three actions upon which it

relies. The defendant in that action is "Florida Hose & Coupling[s], Inc.," the lessee under the lease agreement, and plaintiff's claim in that action is predicated upon the lease itself rather than the "guaranty" thereof signed by the defendant in the case sub judice. We have previously held that actions predicated upon distinct and separate violations of a lease were not based on the same claim. *Jones v. Atlanta Housing Auth.,* 148 Ga. App. 605, 606 (1) (252 SE2d 19). Similarly, plaintiff's claim based on the lease is separate and distinct from its claim based upon the "guaranty." One of the three actions relied upon by defendant being based upon a claim different than that upon which the action sub judice is predicated and not including the same claim as the case sub judice, there has been no adjudication on the merits due to three dismissals of the claim stated in the case sub judice.

2. The lease agreement in the case sub judice contained provision for a renewal of the lease for an additional term at the option of lessee. The lease described the premises as "containing approximately 5,248 square feet." The renewal of lease provision provided that base rent of the renewal term would be $1.90 per square foot annually. The lessee gave proper and timely notice of its intention to renew the lease and a "renewal of lease" was executed by lessee and plaintiff's agent stating a monthly rent of $831 (5,248 sq. ft. $\times$ $1.90 per sq. ft. = $9,971.20 $\div$ 12 = $830.93).

Defendant contends that the renewal of lease cannot be enforced against it as a guarantor since the original lease contained no mutual agreement as to the terms and conditions of the "renewal of lease." Defendant also argues that there has been a novation of the lease agreement causing its discharge. See in this regard *LeCraw v. Atlanta Arts Alliance,* 126 Ga. App. 656, 658 (1) (191 SE2d 572).

We do not reach the question raised by defendant due to the following language from the "guaranty": "Lessor and Lessee, without notice to or consent by the undersigned, may at any time or times enter into modifications, extensions, amendments or other covenants respecting the Lease as they deem appropriate and the undersigned shall not be released thereby, but shall continue to be fully liable for the payment and performance of all liabilities, obligations and duties of Lessee under the Lease as modified, extended or amended." In contrast to the guaranty in *LeCraw v. Atlanta Arts Alliance,* 126 Ga. App. 656, 657, supra, the guarantor in the case sub judice has consented in advance to any "modifications, extensions, amendments" of the contract between lessor and lessee which may have been made and which if the guaranty were worded differently may have resulted in release of the guarantor. In the case sub judice, the guarantor's consent being contained in the guaranty there is no

release of the guarantor for the reasons argued by defendant.

3. On September 3, 1982, which was subsequent to the filing of plaintiff's motion for summary judgment, plaintiff filed an additional affidavit in support of its motion. Relying upon OCGA § 9-11-6 (formerly Code Ann. § 81A-106 (d) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230)); OCGA § 9-11-56 (e) (formerly Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)) and our decision in *Fairington, Inc. v. Yeargin Constr. Co.,* 144 Ga. App. 491 (241 SE2d 608), defendant argues that this affidavit was not properly before the trial court. However, defendant made no objection before the trial court to the filing of the affidavit in question. Any error arising from a failure to timely file the affidavit is waived by defendant's failure to object to the filing of the affidavit in question in the trial court. *Williams v. Universal Decorators,* 161 Ga. App. 165, 166 (288 SE2d 115). The evidence presented by this affidavit as to efforts by plaintiff's agent to relet the premises was properly considered by the trial court.

4. Defendant contends that an exhibit to an affidavit presented in support of plaintiff's motion for summary judgment is "not admissible as evidence to prove the amount of taxes owed to [plaintiff] and included in [plaintiff's] request for damages because it is not the best and primary evidence of the actual taxes paid." However, this is not an appropriate application of the best evidence rule as the content of a writing (in regard to the amount of taxes owed by defendant to plaintiff) is not at issue. See *Borenstein v. Blumenfeld,* 151 Ga. App. 420, 421 (2) (260 SE2d 377); *Glennville Wood Preserving Co. v. Riddlespur,* 156 Ga. App. 578, 582 (4) (276 SE2d 248).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 13, 1983 —
REHEARING DENIED JULY 8, 1983 — 

*David E. Betts, Keith M. Wiener,* for appellant.
*C. David Butler, Richard B. Herzog, Jr.,* for appellee.