66833. DEAL et al. v. RUST ENGINEERING COMPANY et al.

Birdsong, Judge.

This is an appeal from the dismissal of co-defendant Combustion Engineering in a suit by Shirley Deal for wrongful death of Ellis Deal, and by Billy Joel Lane for his own injuries incurred in an industrial accident.

The record shows the accident, in which Lane was allegedly injured and from which Ellis Deal subsequently died, occurred March 16, 1980. Shirley Deal filed suit against Rust Engineering Co. and Combustion Engineering Co. on March 12, 1982. Both defendants were represented for purposes of service of process by C. T. Corporations Systems (C. T.) as agent. Return of service shows that Rust Engineering was served at C. T. on March 25, 1982. A second return of service shows that Rust was again served through C. T. on April 15, 1982; it is contended and undisputed that this second service on the agent C. T. was intended for Combustion Engineering who had inadvertently not been served the first time, and was a mistake. In fact, however, Combustion Engineering was not served until September 17, 1982, six months after the filing of the complaint.

On October 8, 1982, Combustion filed its answer, and also a motion to dismiss on grounds that the appellants failed to exercise due diligence in serving the summons and complaint and, further, that as the result of such failure and laches "the statute of limitations expired a substantial period of time before this defendant was served."

This case perambulated from Glynn County Court through federal court in Savannah, and back again. When the case alighted back in Glynn County Court on January 31, 1983, Combustion formally renewed its motion to dismiss on February 11 by filing a "Motion that judgment be entered in favor of . . . Combustion Engineering Company on its Motion to Dismiss pursuant to Local Rule II (D) (I)." In this motion, Combustion referred to its earlier

motion to dismiss, waived oral argument thereon, attached and incorporated copies of supporting briefs filed in a similar motion in federal court, and specifically asked that the court "decide the motion to dismiss on the basis of the briefs . . . before it, as specifically permitted under Rule 2(D) of the Rules of the Superior Courts of the Brunswick Judicial Circuit."

Rule 2(D) of the Glynn County Court, as of January 1, 1983, provides: "D. All motions will be placed on a special motion docket, and *will be decided by the Court on the briefs or statements submitted unless oral argument is specifically requested by counsel or by the Court.* Whenever a matter is placed upon the special motion docket copies of such motion, together with copies of all responses, briefs, supporting affidavits, and proposed orders shall be forwarded to the judge . . . for consideration prior to the date set for hearing. Failure to forward such copies may result in dismissal of the motion or no consideration of a position taken in opposition to a motion." (Emphasis supplied.) Also, Rule 2(E) provides: "E. A request by counsel for oral argument shall be in writing, and made within *Five* (5) days of service of the responsive brief or statement. Upon a request for oral argument, the matter shall be placed on the calendar for argument at the next hearing date." Rule 2(G) provides: "G. *The Court shall endeavor to dispose of all matters placed on the special motion docket within a period of Thirty (30) days from the filing of the movant's motion and brief or the reply brief, whichever is later.*" (Emphasis supplied.)

After Combustion filed its motion for judgment on its motion to dismiss, more discovery was pursued but the appellants offered nothing to the court by way of response or opposition to the motion to dismiss, and did not dispute that the statute of limitations had expired before Combustion was served. On April 13, two months after the motion for judgment, the trial court dismissed Combustion Engineering and the plaintiffs appeal. *Held:*

1. The Glynn County trial judge correctly ruled that Combustion was entitled to dismissal. While the mistake of again serving Rust Engineering on the second occasion, instead of serving Combustion, may have been the immediate fault of the process server, the reasonable diligence to ensure proper timely service upon a defendant is the plaintiff's responsibility. *Jarmon v. Murphy,* 164 Ga. App. 763 (298 SE2d 510); *Bible v. Hughes,* 146 Ga. App. 769 (247 SE2d 584). The mere filing of a petition is not the commencement of a suit unless timely service is perfected as required by law and the named defendant is duly brought into court; and the mere filing of a suit will not of itself toll the statute of limitations in a case. *Hilton v. Maddox, Bishop, Hayton Frame &c. Contractors,* 125 Ga. App. 423,

425-426 (188 SE2d 167). See also *Franek v. Ray,* 239 Ga. 282, 284-286 (236 SE2d 629). The trial court held that "[i]n the present case, the record discloses the exercise of no diligence, the exertion of no effort [by the plaintiffs to effect service on Combustion] from March 12, 1982 until September 17, 1982. Sometime long before the passage of six months, it was the duty of the plaintiffs to have learned that Combustion Engineering Company had not been served." We cannot disagree with this conclusion, or hold that the trial court abused its discretion in so finding. *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360). The return of service plainly indicated that Combustion had not been served. As the trial court held, to permit the plaintiffs to do nothing to confirm and insure service for as long as six months or any amount of time that is unreasonable, lacking in diligence, untimely, or prejudicial, would be "practically an avoidance of the statute of limitations." See *Bible,* supra.

2. Appellants contend the trial court erred in ruling on Combustion's motion for judgment on its motion to dismiss, inasmuch as there was no notice of a hearing date on the motion. However, unlike the situation in *Ferguson v. Miller,* 160 Ga. App. 436 (287 SE2d 363), the appellants were fully and saliently advised that the motion was made so as to be heard and decided in accordance with specific local court rules; these rules are not inconsistent with the spirit of the Civil Practice Act. Rule 2(D) states that motions will be determined upon briefs or statements submitted, "unless oral argument is specifically requested by counsel or the court." No oral argument was requested by either party, but appellants submitted a reply brief on March 21, 1983. The appellants were thus lead inexorably to Rule 2(G). Rule 2(G) provides that "the Court shall endeavor to dispose of all [motions] within a period of thirty (30) days from the filing of the movant's motion and brief or of the reply brief, whichever is later." The trial court ruled on April 13, on the briefs and pleadings with no request for oral argument having been made; all of this was specifically in accordance with the rules of this court.

Unlike the facts in *Ferguson,* supra, these rules gave specific notice that in the absence of a request for oral argument and the setting of a hearing date, a ruling on the record then existing would most likely be issued within 30 days of the respondent's brief. This local procedure is adequately consistent with the spirit of the CPA, which contemplates "that the respondent shall have actual notice of a day upon which the matter will be heard and judgment rendered upon the record then existing" (*Ferguson,* supra, p. 437) and that the respondent shall have fair notice that "judgment would issue against him on a day certain without a further opportunity to submit his case." *Ferguson,* supra.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

Decided November 28, 1983.

*Edward E. Boshears,* for appellants.
*Albert Fendig, Jr., Molly S. McKibben, James B. Durham,* for appellees.