70087. BRADBURY et al. v. MEAD CORPORATION, MEAD PRODUCTS DIVISION.
(330 SE2d 801)

Pope, Judge.

Plaintiff Mead Corporation brought this action against defendants John Paul Bradbury, Sr. and Jr. to enforce a settlement agreement which was entered into between the parties to resolve an action which had been instituted by plaintiff against defendants in federal district court. Defendants answered and counterclaimed. Plaintiff moved for summary judgment supported by affidavits, to which defendants made no reply. After a hearing on the matter, the trial court granted summary judgment to plaintiff on all issues.

1. "While, at trial, the party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is well settled that, on appeal, the burden is on the appellant to establish error. [Cits.] In order for the appellate court to determine whether the grant of summary judgment was erroneous, *the appellant must include in the record those items which will enable the appellate court to ascertain* whether a genuine issue of material fact remains or, if the record establishes there is no such issue of fact, *whether the moving party is entitled to judgment as a matter of law.* [Cits.]" (Emphasis supplied.) *Brown v. Frachiseur,* 247 Ga. 463, 464 (277 SE2d 16) (1981). Enumerations of error and briefs on appeal are not sufficient to meet an appellant's burden to affirmatively show error by the record. *Redwing Carriers v. Knight,* 143 Ga. App. 668, 674 (239 SE2d 686) (1977). Defendants do not challenge the trial court's award of summary judgment on the ground that the substance of the affidavits does not establish a prima facie right to recover, and our review of the record discloses no error in this regard. See *McFarland v. Beardsly,* 148 Ga. App. 645 (1) (252 SE2d 72) (1979); *Image Seven, Inc. v. Xerox Corp.,* 145 Ga. App. 33 (243 SE2d 602) (1978); *Greene v. C & S Bank of Cobb County,* 134 Ga. App. 73 (213 SE2d 175) (1975). Rather, defendants' three enumerations of error raise various technical challenges to plaintiff's affidavits. There is no transcript of the summary judgment hearing and, as noted above, no written response to plaintiff's affidavits. On the basis of this record on appeal we can only speculate as to whether defendants' technical objections were, in fact, raised in the trial court so as to be reviewable on appeal. See generally *Maroney v. State,* 173 Ga. App. 434 (327 SE2d 231) (1985). "In order for this court to determine whether or not a trial judge

erred in admitting evidence we must be able to determine what evidence is claimed to have been illegally admitted and *what objection was made to the evidence at the time it was admitted.*" (Emphasis supplied.) *Swindle v. Swindle,* 221 Ga. 760, 763 (147 SE2d 307) (1966). See *Western & A. R. Co. v. Branan,* 123 Ga. 692 (1) (51 SE 650) (1905); *Wilson v. Betsill,* 148 Ga. App. 260 (3) (251 SE2d 144) (1978); *Upshaw Bros. v. Stephens,* 26 Ga. App. 284 (3) (106 SE 125) (1921). Absent some indication in the record of an objection made in the court below, defendants cannot complain on appeal that the affidavits were improperly admitted.

Moreover, to the extent plaintiff's affidavits were defective in form or contained material which would not be admissible in evidence (see OCGA § 9-11-56 (e)), they were subject to a motion to strike. *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (3) (237 SE2d 622) (1977). "But a motion to strike must be timely or the objection is waived." Id. at 78. See *Auto Drive-Away Co. v. Interstate Commerce Comm.,* 360 F2d 446 (2-4) (5th Cir. 1966); 10A Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d, § 2738 at 507-09 (1983); 6 — Pt. 2 Moore's Fed. Practice ¶ 56.22 at 56-1330. See also *Bell v. Sellers,* 248 Ga. 424 (1) (283 SE2d 877) (1981), and cits.; *McKinnon v. Trivett,* 136 Ga. App. 59 (2) (220 SE2d 63) (1975). Defendants' failure to have raised these objections prior to oral argument was sufficient in itself to justify the overruling of same. *Vaughn & Co. v. Saul,* supra at 78. See *Burns v. Great A. & P. Tea Co.,* 105 Ga. App. 823 (1) (125 SE2d 687) (1962); OCGA § 9-11-56 (c).

2. Based upon our review of the record in this case, we are of the opinion that this appeal was filed for delay only. Therefore, the plaintiff's motion for damages pursuant to OCGA § 5-6-6 is granted, and the clerk of this court is directed to enter ten percent damages upon the remittitur. See *Ray v. Standard Fire Ins. Co. of Ala.,* 168 Ga. App. 116 (4) (308 SE2d 221) (1983); *Burleson v. Jordan,* 163 Ga. App. 496 (295 SE2d 335) (1982); *Holland v. Tri-City Hosp. Auth.,* 162 Ga. App. 256 (2) (291 SE2d 107) (1982).

*Judgment affirmed with damages. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 17, 1985.

*Harry A. Osborne,* for appellants.
*Doris L. Downs, Therese L. Glisson,* for appellee.