## 72614. PRUITT v. TYLER.
(351 SE2d 539)

BANKE, Chief Judge.

This is a personal injury action arising from an automobile collision. The defendant moved for summary judgment based on his contention that the plaintiff had not suffered a "serious injury" within the meaning of OCGA § 33-34-2 (13) and was thus precluded from recovering damages for noneconomic loss pursuant to OCGA § 33-34-9 (a). The plaintiff appeals the grant of that motion.

The plaintiff admitted in response to interrogatories submitted by the defendant that she had suffered no lost wages, broken bones, or scars as a result of the accident and that her medical expenses had totalled only $99; and it was on the basis of these admissions that the

trial court granted the defendant's motion for summary judgment. The trial court made no mention in its order of the fact that several days prior to the hearing on the motion, but more than 30 days after the filing thereof, the plaintiff had filed an opposing affidavit in which she averred that she had had a paying boarder at the time of the collision for whom she was furnishing a room and two meals a day and that, for more than two weeks subsequent to the collision, she had been unable because of her injuries either to prepare these meals or to do housework in connection with maintaining her residence. At issue in this appeal is whether this affidavit was properly before the trial court and, if so, whether it created a material issue of fact with respect to whether the plaintiff suffered a "serious injury." *Held*:

1. The Civil Practice Act specifies that "[t]he adverse party *prior to the date of [the summary judgment] hearing* may serve opposing affidavits." OCGA § 9-11-56 (c). (Emphasis supplied.) See also OCGA § 9-11-6 (d). The certificate of service submitted in connection with the plaintiff's affidavit reflects that the affidavit was mailed to counsel for the defendant several days prior to the hearing on the motion for summary judgment. " 'Service by mail is complete upon mailing.' [Cit.] Accordingly, the materials were served one day before the hearing as required by [OCGA §§ 9-11-6 (d) and 9-11-56 (c)]." *Liberty Forest Prods. v. Interstate Paper Corp.*, 138 Ga. App. 153, 154 (225 SE2d 731) (1976). However, Rule 6.2 of the Uniform Superior Court Rules provides: "Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." By that standard, the affidavit was not timely submitted.

Pretermitting whether Rule 6.2 of the Uniform Superior Court Rules can be reconciled with OCGA §§ 9-11-6 (d) and 9-11-56 (c), it is clear that an objection to the timeliness of an affidavit submitted in response to a motion for summary judgment will be deemed waived unless it is itself timely raised in the trial court. See, e.g., *Southeastern Hose v. Prudential Ins. Co.*, 167 Ga. App. 356, 358 (3) (306 SE2d 308) (1983); *Williams v. Universal Decorators*, 161 Ga. App. 165, 166 (2) (288 SE2d 115) (1982). See also *Bell v. Sellers*, 248 Ga. 424 (1), 426 (283 SE2d 877) (1981); *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631 (278 SE2d 377) (1981), and *Bradbury v. Mead Corp.*, 174 Ga. App. 601 (1) (330 SE2d 801) (1985).

Although the defendant asserts in his brief on appeal that he both objected to and moved to strike the plaintiff's affidavit at the time of the hearing on the summary judgment motion, there is nothing in the record to substantiate this, and the court's order is silent on the issues of whether the affidavit was considered and, if not, why not. It is well settled that this court will not consider factual repre-

sentations made in a brief which are not supported by the record. See, e.g., *Coopers & Lybrand v. Cocklereece*, 157 Ga. App. 240, 245 (276 SE2d 845) (1981). If in fact the defendant made a timely objection to the affidavit but omitted to perfect the record to this effect, a procedure was still available to him pursuant to OCGA § 5-6-41 (f) by which the omission could have been corrected, even after the filing of the notice of appeal. See *Boats for Sail v. Sears*, 158 Ga. App. 74 (279 SE2d 314) (1981). Because this procedure was not utilized, we must conclude, on the basis of the record before us, that the plaintiff's affidavit was not objected to and was thus properly before the trial court.

2. It is reasonably inferrable from the affidavit that the plaintiff's principal productive activity prior to the accident consisted of furnishing meals and maintaining a residence for herself and a paying boarder and that for a period of more than 10 days immediately following the automobile collision she was unable to engage in such activity. Cf. *Garrison v. Hutton*, 149 Ga. App. 39 (253 SE2d 406) (1979). Consequently, we must conclude that a material issue of fact exists as to whether the plaintiff suffered a "serious injury" within the contemplation of OCGA §§ 33-34-2 (2) and 33-34-2 (13), and we hold that the trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Deen, P. J., Birdsong, P. J., Sognier, Benham, and Beasley, JJ., concur. Deen, P. J., Benham and Beasley, JJ., also concur specially. McMurray, P. J., Carley and Pope, JJ., concur specially.*

CARLEY, Judge, concurring specially.

I agree with the majority insofar as it reverses the grant of summary judgment in favor of appellee. However, I am unable to agree with the reasoning employed by the majority in arriving at the proper disposition of the instant appeal. Accordingly, I must concur specially.

Appellant-plaintiff filed suit, seeking to recover damages for personal injuries allegedly suffered in an automobile collision. One of the allegations of appellant's complaint was that she had "been disabled ever since" the collision. Appellee-defendant answered and included, among his defenses, the assertion that appellant had not suffered a "serious injury" as defined in OCGA § 33-34-2 (13) and that he was "exempt from liability to pay damages for noneconomic loss" pursuant to OCGA § 33-34-9 (a).

Appellant, in answers to appellee's interrogatories, acknowledged the following: she was almost 71 years of age on the date of the collision; she was not currently employed; she had sustained "a sprain in [her] cervical spine" as the result of the collision but no scars or broken bones; she had not been hospitalized; she had lost no wages; and

she had incurred less than $500 in medical expenses. After the interrogatories had been answered, appellee moved for summary judgment on the ground that appellant had not suffered a "serious injury." Appellee's motion was filed on December 4, 1985 and he also specifically requested that a hearing on his motion be held on "Jan. 21, 1986, or as soon as can be heard." Presumably, no hearing would have been scheduled on the motion had appellee not requested it. See Rule 6.3 of the Uniform Superior Court Rules (Rules). But see *Sentry Ins. v. Echols,* 174 Ga. App. 541 (330 SE2d 725) (1985) (holding that, under the Civil Practice Act, the *right* to a hearing cannot be waived by inaction); *Ferguson v. Miller,* 160 Ga. App. 436, 437 (287 SE2d 363) (1981) (holding that, under the Civil Practice Act, "the spirit of the summary judgment procedure contemplate[s] that the respondent shall have actual notice of a day upon which the matter will be heard and judgment rendered upon the record then existing.") On January 15, 1986, appellant filed her own affidavit in opposition to the motion. In her affidavit, appellant stated that: Prior to the collision, she had a paying boarder for whom she furnished a room in her home and two meals a day; as the result of pain, for more than two weeks after the collision she had been unable to prepare meals for herself and her boarder; and, after the collision, she had been unable to do her housework.

As appellee had requested, a hearing on his motion was held, apparently on January 21, 1986. Although the hearing was not reported, appellee asserts in his brief that he objected to the trial court's consideration of appellant's affidavit as untimely filed under Rule 6.2. On February 10, 1986, the trial court granted summary judgment in appellee's favor. The trial court's order states: "[Appellant], in her answers to [appellee's] interrogatories admits that she suffered no lost wages, no broken bones and received no scars from the accident. [Appellant's] medical expenses totalled $99.00. Therefore, the threshold requirement of a 'serious injury' under the Georgia Motor Vehicle [Accident] Reparations Act has not been satisfied. . . ." It is from this order granting summary judgment in favor of appellee that appellant brings the instant appeal.

In my opinion, the majority ignores the first issue presented for resolution, to wit: a determination of the evidentiary parameters of *our* appellate inquiry into whether summary judgment was properly granted in favor of appellee. The majority assumes that the trial court considered appellant's affidavit. However, since the hearing on the motion was not reported, it is not entirely clear what the trial court considered the evidentiary parameters of the instant record to be. From the wording of the order granting summary judgment, it would arguably appear that, pursuant to the objection that appellee asserts he raised at the hearing, only appellant's answers to appellee's inter-

rogatories were given consideration by the trial court. The order does not merely recite the trial court's consideration of the "entire record." Compare *General Motors Corp. v. Walker*, 244 Ga. 191 (259 SE2d 449) (1979). The order also expresses the specific evidentiary basis for the trial court's ruling as being appellant's answers to interrogatories, but is otherwise silent as to appellant's affidavit. Compare *Bailey v. Johnson*, 245 Ga. 823, 829 (6) (268 SE2d 147) (1980). Thus, the wording of the order itself gives credence to appellee's assertion that an objection to consideration of the affidavit was made and to the possibility that the trial court was of the opinion that the "entire record" did not include appellant's affidavit. Compare *Eunice v. Citicorp Homeowners*, 167 Ga. App. 335 (2) (306 SE2d 395) (1983).

No specific reason is given why appellant's affidavit in opposition to the motion may not have been considered by the trial court and should not be considered in connection with the instant appeal, other than appellee's contention that his objection was meritorious and appellant's affidavit was not timely filed pursuant to the Rules. Rule 6.2 does provide: "Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material *not later than 30 days after service of the motion.*" (Emphasis supplied.) However, the statutory provisions which specifically relate to summary judgment provide: "The adverse party *prior to the day of hearing* may serve opposing affidavits." (Emphasis supplied.) OCGA § 9-11-56 (c). See also OCGA § 9-11-6 (d). The certificate of service of appellant's response to appellee's motion shows that it was mailed to appellee's counsel on January 14, 1986. " 'Service by mail is complete upon mailing.' [Cit.] Accordingly the materials were served one day before the hearing as required by [OCGA §§ 9-11-6 (d) and 9-11-56 (c)]." *Liberty Forest Prods. v. Interstate Paper Corp.*, 138 Ga. App. 153, 154 (225 SE2d 731) (1976). Thus, if Rule 6.2 is controlling authority on motion for summary judgment, appellant's affidavit was, under the existing circumstances, untimely and should not have been considered by the trial court and should not be considered on appeal. If, on the other hand, it is the statutes that control as to motions for summary judgment, the affidavit was timely and should not be disregarded.

A construction of the Rules must start from the premise that the Supreme Court has no power to amend or repeal a statute. "Only the General Assembly has the right to legislate and prescribe the laws of this State." *Long v. State*, 202 Ga. 235, 237 (42 SE2d 729) (1947). "The Constitution vests all legislative power in the General Assembly. [Ga. Const. of 1983, Art. III, Sec. I, Par. I]. It vests all judicial power in the courts. [Ga. Const. of 1983, Art. VI, Sec. I, Par. I]. It commands that these powers remain forever separate and distinct. [Ga. Const. of 1983, Art. I, Sec. II, Par. III]." *Thompson v. Talmadge*, 201 Ga. 867,

872 (41 SE2d 883) (1947). Accordingly, the Rules cannot have the same force as statutory law and, it follows that, in a conflict with the unamended and unrepealed provisions of the Civil Practice Act, it is the latter statutory provisions which must control. Cf. *Hayes v. Fernandez*, 176 Ga. App. 332 (335 SE2d 735) (1985). The Civil Practice Act "governs the procedure in all courts of record of this state in all actions of a civil nature whether cognizable as cases at law or in equity. . . ." OCGA § 9-11-1. Thus, I would hold that, notwithstanding Rule 6.3, the Civil Practice Act requires that a hearing for a day certain be scheduled on a motion for summary judgment and that respondent be given notice of that hearing. See *Sentry Ins. Co. v. Echols*, supra; *Ferguson v. Miller*, supra. Accordingly, I would overrule *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (347 SE2d 310) (1986) to the extent that it holds that Rule 6.3 is not in conflict with the statutory provisions of Section 56 of the Civil Practice Act. I would also hold that, notwithstanding Rule 6.2, opposing affidavits served by the day preceding the scheduled hearing on a motion for summary judgment are timely and should be considered by the trial court. OCGA § 9-11-56 (c). Accordingly, I cannot join in the majority's "conclusion" that, because appellee did not object, appellant's affidavit was "properly before the trial court." Instead, for the reasons discussed above, I would specifically hold that the affidavit was timely, should have been considered by the trial court, and clearly is within the evidentiary parameters of the instant record.

As the majority concludes, when the affidavit is construed most favorably for appellant as the non-moving party, a genuine issue of material fact remains with regard to her "disability" as defined in OCGA § 33-34-2 (2). Even assuming without deciding that the affidavit fails to show that appellant had an "occupation," it was sufficient to show that she at least had as her "principal activity" the maintenance of her home for providing room and board to another, which activity was curtailed for more than a ten-day period after the collision. See generally *Carolina Cas. Ins. Co. v. Davalos*, 154 Ga. App. 776, 777 (1) (269 SE2d 897) (1980), rev'd on other grounds, 246 Ga. 746 (272 SE2d 702) (1980). Compare *Griffin v. Louisville & Nashville R. Co.*, 159 Ga. App. 598 (284 SE2d 101) (1981); *Logan v. Smith*, 165 Ga. App. 66 (299 SE2d 137) (1983). Accordingly, I join in the judgment of reversal but not in the reasoning which leads the majority to conclude that reversal is mandated.

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

BENHAM, Judge, concurring specially.

While I concur fully with the majority opinion, I write separately to express disagreement with the special concurrence of Judge Carley

insofar as it advocates the overruling of *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (347 SE2d 310) (1986), and the interpretation of Rule 6.2 of the Uniform Superior Court Rules ("Rules") as being inconsistent with OCGA § 9-11-56 (c). It appears that the concurring opinion would invalidate the Rules rather than construe them within the context of the Civil Practice Act and existing case law, as *Spikes* does. The Rules are written in a way that either goal can be achieved if so desired.

One issue in this case is whether under Rule 6.2 an affidavit in opposition to a motion for summary judgment is timely if filed more than 30 days after service of the motion but prior to the date on which the motion will be orally argued. The issue in *Spikes* was whether a party waives his right to argue orally in opposition to a summary judgment motion if he fails to file any response to the motion under Rule 6.2 and fails to request an oral hearing under Rule 6.3. Since the parties in *Spikes* were in a different procedural posture than were the parties presently before us, the issue with which we are now confronted was not reached or addressed in *Spikes* and, likewise, there exists no need to address the *Spikes* issue here. Contrary to the concurrence's position, a basis for overruling *Spikes* does not exist since Rule 6.3 does not play a significant role in the present case. Moreover, Rule 6.2, Rule 6.3, and the other Rules do not serve to amend or repeal the corresponding relevant statutes any more than opinions from this court could be said to serve the same purposes.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this special concurrence.

BEASLEY, Judge, concurring specially.

I agree with Chief Judge Banke.

Furthermore, I believe we could avoid a great bulk of the problem here by ordering the trial court to "certify what transpired below," as we are authorized to do by OCGA § 5-6-48 (d). The trial court could simply certify whether objection to the affidavit was or was not raised below, what its ruling was, and whether as a consequence it did or did not take the affidavit into account. The use of this expedient, readily available to the appellate court, would simplify the issues.

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED DECEMBER 5, 1986.

*William F. Lozier*, for appellant.

*Malcolm S. Murray, William D. Strickland, D. Jeffrey Grate*, for appellee.