## A92A0372. COOPER v. CREWS.
### (418 SE2d 642)

CARLEY, Presiding Judge.

Appellant-plaintiff brought this tort action, seeking to recover for personal injuries allegedly sustained in a vehicular collision. The case was brought to trial before a jury and, after appellant had rested, appellee-defendant moved for a directed verdict. Appellee's motion was granted and appellant appeals from the judgment that was entered thereon by the trial court.

1. Appellee's motion for a directed verdict was predicated upon appellant's purported failure to adduce any evidence of a "serious injury."

Under the former, but herein applicable, provisions of the Georgia Motor Vehicle Accident Reparations Act, one, such as appellee, who was insured in conformity with its requirements was exempt from liability to pay damages for non-economic loss unless the injury was a serious injury as defined in paragraph (13) of former OCGA § 33-34-2. Therefore, a "serious injury" constituted the so-called "threshold" requirement which must have been met in order for appellant to recover for non-economic loss such as pain and suffering. "Serious injury" meant "an accidental bodily injury which resulted in

death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500.00, *or injury resulting in disability for not less than 10 consecutive days.*" (Emphasis supplied.) Former OCGA § 33-34-2 (13). See also *Hill v. All Seasons Florist,* 201 Ga. App. 870 (1) (412 SE2d 619) (1991).

Construing appellant's own testimony most favorably for her, she had suffered a "serious injury" in the form of a disability which commenced almost immediately after the collision and continued for some six weeks thereafter. See *Pruitt v. Tyler,* 181 Ga. App. 174, 176 (2) (351 SE2d 539) (1986); *Carolina Cas. Ins. Co. v. Davalos,* 154 Ga. App. 776, 777 (1) (269 SE2d 897) (1980), rev'd on other grounds, 246 Ga. 746 (272 SE2d 702) (1980). See also *Jordan v. Smoot,* 191 Ga. App, 74 (1) (380 SE2d 714) (1989). Compare *Logan v. Smith,* 165 Ga. App. 66 (299 SE2d 137) (1983); *Griffin v. L. & N. R. Co.,* 159 Ga. App. 598 (284 SE2d 101) (1981). Compare also *Eberhart v. Morris Brown College,* 181 Ga. App. 516, 517 (1) (352 SE2d 832) (1987). The evidence did not demand a finding that, as the result of the collision, appellant had suffered a "serious injury" in the form of a disability and the jury would have been authorized to find that, notwithstanding appellant's own testimony, she had not. See *Hansen v. White,* 190 Ga. App. 596 (1) (379 SE2d 536) (1989). However, the evidence likewise did not demand a finding that, as the result of the collision, appellant had not suffered a "serious injury" in the form of a disability and the jury would have been authorized to find that, based upon appellant's testimony, she had. Accordingly, the trial court erred in granting appellee's motion for a directed verdict.

2. Appellant's remaining enumerations of error are moot.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED MAY 21, 1992.

*Guy E. Davis, Jr.,* for appellant.

*Eason, Kennedy & Associates, Richard B. Eason, Jr.,* for appellee.