## A11A0226. SOUTHEASTERN SITECAST, INC. v. BUONOCORE et al.

(714 SE2d 686)

PHIPPS, Presiding Judge.

Southeastern Sitecast, Inc. filed a complaint against "Richard L. Buonocore, Individually and Richard L. Buonocore d/b/a Bonacori Custom Homes," seeking to recover monies allegedly owed for construction goods it sold and delivered. Summary judgment was entered against Southeastern, which appeals. For reasons that follow, we reverse.

Southeastern attached to its complaint the invoices for which it sought payment. Each invoice was billed to "Bonacori Custom Homes"; each referenced a "Jobsite Location" of "Briar Rose Lot 30"; each was dated in either March 2008 or May 2008; and each detailed the construction goods provided thereunder.

The summary judgment motion argued essentially that Southeastern had sued the wrong party. Accompanying the motion was the affidavit of Buonocore, who stated that he worked in the residential construction industry and served as president of two building companies: (i) Bonacori Custom Homes, Inc., which was incorporated in Michigan in April 2002; and (ii) Bonacori Custom Homes of Georgia, LLC, which was formed in Georgia in September 2008. Buonocore claimed that, between March and June 2008, the Michigan corporation "ordered certain goods from Southeastern Sitecast, Inc. in connection with work that it was performing on land known

as Lot 30 of the BriarRose development." However, Buonocore asserted,

> Individually, I have never transacted any business with Southeastern Sitecast, Inc. All of my dealings with Southeastern Sitecast, Inc. have taken place in my capacity as president of Bonacori Custom Homes, Inc. The entity named in this lawsuit as Richard L. Buonocore d/b/a Bonacori Custom Homes does not exist. As such I have never transacted nor could I ever transact any business in that name or act as that entity.

The trial court granted the motion for summary judgment. OCGA § 9-11-56 (c) provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law."[1] "In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[2]

On appeal, Southeastern maintains that summary judgment was not authorized. It points out that it filed opposition to the motion seven days before the court entered the order granting summary judgment. Included in the opposition was an affidavit by Southeastern's owner, who asserted:

> At all relevant times . . . Richard L. Buonocore conducted business with Southeastern Sitecast, Inc., in an individual capacity and under the trade name of Bonacori Custom Homes. It was never communicated to me, or any of Southeastern Sitecast's employees, that Bonacori Custom Homes was a Michigan corporation licensed to do business in the State of Georgia. . . . Southeastern Sitecast, Inc., was under the belief that it was doing business with Richard L. Buonocore individually and Richard L. Buonocore d/b/a Bonacori Custom Homes.

---

[1] *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

[2] Id. at 624 (1) (a) (citation and punctuation omitted).

Southeastern thus argues that the record before the trial court demonstrated a material issue of fact rendering summary judgment improper.

As Southeastern acknowledges, its opposition was not timely filed within the 30-day period contemplated by Uniform Superior Court Rule (USCR) 6.2.[3] It does not automatically follow, however, that Buonocore's motion should have been granted.[4] As Buonocore acknowledges, "[t]here is no such thing as a default summary judgment."[5] Generally, "the failure to file a response to a motion for summary judgment or to other motions pursuant to USCR 6.2 does not entitle the movant to grant of the motion but merely waives the opponent's right to present evidence in opposition to the motion."[6] The burden remains on the movant to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[7] "Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met."[8]

Objections to the untimeliness of responses to a motion for summary judgment will be deemed waived unless raised in the trial court.[9] Here, "the court's order is silent on the issues of whether [Southeastern's opposition] was considered and, if not, why not."[10] Based on the record before us, Southeastern's opposition was not objected to and was properly before the trial court.[11]

When the record is viewed in favor of Southeastern, summary judgment to the defendants was not authorized.[12]

---

[3] USCR 6.2 provides, "Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." (Nothing in the record indicates that a summary judgment hearing was held or requested.)

[4] *Milk v. Total Pay & HR Solutions*, 280 Ga. App. 449, 450-451 (634 SE2d 208) (2006).

[5] Id. (punctuation and footnote omitted).

[6] *Landsberg v. Powell*, 278 Ga. App. 13, 15 (627 SE2d 922) (2006).

[7] *Milk*, supra.

[8] *Cowart*, supra at 624 (1) (a).

[9] See *Pruitt v. Tyler*, 181 Ga. App. 174, 175 (1) (351 SE2d 539) (1986); see generally *Spratt v. Henderson Mill Condo. Assn.*, 224 Ga. App. 761, 765 (3) (b) (481 SE2d 879) (1997) (waiver results where no objection was made to the late filing of an affidavit — whether the affidavit was in support of, or in opposition to, a motion for summary judgment).

[10] *Pruitt*, supra. Cf. *Curry v. Sutherland*, 279 Ga. 489, 491 (3) (614 SE2d 756) (2005) (in order granting summary judgment motion, court stated that the response to motion was untimely and therefore not considered).

[11] *Pruitt*, supra at 176 (1). Cf. *Hosley v. Davidson*, 211 Ga. App. 529, 530-531 (1) (439 SE2d 742) (1993) (affirming grant of motion to strike late response to motion for summary judgment where trial court had not extended the 30-day period specified in USCR 6.2).

[12] See generally *Crisp Pecan Co. v. Wiggins Produce Co.*, 222 Ga. App. 747, 748-749 (2), (3) (476 SE2d 60) (1996).

910

*Judgment reversed. Andrews and McFadden, JJ., concur in judgment only.*

DECIDED JULY 14, 2011.

*Conoscienti & Kendall, Joseph A. Conoscienti*, for appellant.
*Bryan, Cave, Powell & Goldstein, James M. Watson*, for appellees.